CHICAGO, ROCK ISLAND & TEXAS RAILWAY COMPANY v. T. J. JONES.

Decided May 20, 1905.

**1.—Evidence—Opinion—Effect of Personal Injuries.**

In an action for negligent injuries to the wife the husband may testify from his actual knowledge, derived from personal observation, and without qualifying as an expert, as to the effect on the wife of her efforts to work after the injuries.

**2.—Railroads—Negligence—Unnecessary Blast of Steam from Engine.**

Evidence held sufficient to show that a loud blast of steam from a railroad engine, frightening a horse attached to a buggy and being driven along a public road running parallel with the railroad track was unnecessary and negligently made.

**3.—Personal Injury—Verdict—Amount.**

Where a strong woman, 39 years old at the time, was permanently injured and caused to suffer from traumatic neurosis, directly affecting her nervous system and preventing her from performing her usual household duties, a verdict for $6,375 in the husband's favor is held not excessive.

Appeal from the District Court of Jack. Tried below before Hon. J. W. Patterson.

*N. H. Lassiter, Robert Harrison* and *Stark & Groner,* for appellants.— A railroad company does not owe the duty to the public of requiring an engineer operating an engine over a track in the neighborhood of a country road to discover the presence of a traveler on that road, but is only under a duty to operate its engine with ordinary care for the purpose of not frightening a horse after the presence of such horse is discovered and known to the employes in charge of the engine. Houston & T. C. Ry. v. Carruth, 50 S. W. Rep., 1037; Railway v. Hargis, 75 Texas, 21.

*Nicholson & Fitzgerald,* for appellee.—1. That the husband's testimony as to the effect of the injuries upon his wife was admissible, counsel cited T. S. E. Ry. Co. v. Wheeler, 41 S. W. Rep., 519; Railway Co. v. Zwiener, 38 S. W. Rep., 375; Railway Co. v. Reagan, 34 S. W. Rep., 799; Railway Co. v. Barron, 14 S. W. Rep., 698; Railway Co. v. Shafer, 54 Texas, 648; Hancock Co. v. Leggett, 18 N. E. Rep., 55; Railway Co. v. Spilker, 33 N. E. Rep., 280.

2. It is the duty of trainmen operating an engine along a track parallel, and in close proximity to a public road to refrain from unnecessarily opening the cylinder cocks of the engine, so as to frighten horses or teams driven thereon, if the servants know of the road, and that people are frequently seen thereon, and same being at a station, when, in the nature of things, the servants must know of the presence of teams; and it is the duty of trainmen, under such circumstances, to keep a lookout for the safety of the public. Railway Co. v. Bellew, 54 S. W. Rep., 1079; Railway Co. v. Traub, 47 S. W. Rep., 282; Railway Co. v. McGrew, 74 S. W. Rep., 61; Railway Co. v. Jones, 81 S. W. Rep., 61; Railway Co. v. Kennedy, 69 S. W. Rep., 227.

3. There was no error in the refusal of the court to grant a new

trial, because the verdict was not excessive. The injuries were permanent, and the verdict is small for a permanent injury. The record fully and amply sustains the verdict. Missouri, K. & T. Ry. Co. v. Nail, 58 S. W. Rep., 165; Railway Co. v. Randall, 50 Texas, 261; Railway Co. v. Elkins, 54 S. W. Rep., 973.

CONNER, CHIEF JUSTICE.—For the second time this case appears before us. On the first appeal the judgment in appellee's favor was reversed because of objectionable argument on the part of his counsel. See 81 S. W. Rep., 60. This appeal is from a judgment in the sum of $6,375, awarded to appellee by the verdict of the jury as damages for personal injuries sustained by his wife.

The evidence shows that at the time alleged in appellee's petition his wife, together with a little son, was driving westward along a road adjacent to the right of way and railroad track of the appellant company; that one of appellant's trains proceeding eastward approached and when about opposite appellee's wife emitted a loud blast of steam which frightened the horse which she was driving and caused him to run away, as a result of which the injuries complained of in the petition were received.

The evidence sufficiently supports the verdict of the jury to the effect that this blast of steam was unnecessary and constituted negligence as alleged. Such further statement of the facts as may be necessary will be made in connection with our disposition of the assignments of error.

While appellee was upon the stand testifying as a witness he was asked the following question: "Please state what effects there are, if any, from any effort she (appellee's wife) makes at work?" To which the defendant objected "because said testimony was hearsay, irrelevant and only the opinion of the witness, and he not an expert," which objections were overruled by the court and the witness answered: "If she works to amount to anything at all it affects her side. It makes her side hurt so to work and makes her nervous, she has to lie down. She can not work but a few minutes until she is so nervous she has to lie down." To all of which the appellant objected, and the matter thus stated is made the ground of the first assignment of error. We feel entirely unable to appreciate the force of the objections made to either the question or answers quoted. The objections as quoted from the bill of exception appear to relate to the question alone, but if construed as also relating to the answers we see nothing in them. It was not necessary that the witness should be an expert in order to enable him to observe the actual results of an injury. The witness did not here attempt to repeat any language of his wife, but for aught that appears to the contrary was testifying upon one of the material issues in the case from actual knowledge derived from personal observation.

The second, third, fourth, fifth, sixth and seventh assignments of error are equally untenable. Indeed they are so obviously not well taken that we decline to discuss them seriatim, but now and here overrule each and all without further notice.

The only assignments that have occasioned us any hesitation are the eighth and ninth. It is insisted under the eighth assignment that

appellant's motion for a new trial should have been granted because the verdict of the jury is against the great preponderance of the evidence, in that the same shows that there was no steam emitted from the engine; and in the ninth it is insisted that the judgment is excessive.

The evidence shows that the train in question was approaching a small station along appellant's railway, and the train crew testified that they intended to stop this train at the station to take on mail; that it was down grade from the whistling board, which was something more than a quarter of a mile from the station; that the steam had been cut off at the whistling board and the train was rolling into the station of its own momentum. The testimony tends to show that the weather was lowering and foggy; that the smoke of the engine settled toward the ground and blew toward the horse that became frightened, and it is appellant's contention that this was the cause of the horse's being frightened, and that no negligence whatever appears. The testimony on behalf of the appellee, however, is to the effect that the horse that appellee's wife and son were driving was a very gentle one, and accustomed to the usual noises made by locomotives; that the road upon which they were traveling had long extended alongside of the railroad track at the station in question; that just as they were opposite the engine a very loud blast of steam proceeded from the side of the engine, at which her horse became frightened and ran away and appellee's wife was thrown out, sustaining the injuries complained of. Appellee's evidence tended to show that the blast of steam was perhaps not that usually made by "whistling" or "popping off steam," but a blast made by "blowing off steam" beneath the engine. Several witnesses testified that the noise made by the engine and steam on this occasion was unusual and very loud. The engineer testified that it was not necessary to blow off steam at the station, and no reason or apparent reason therefor is shown. The evidence is clear that appellee's wife was traveling along the usual and only road upon which she could travel, and that appellant's employes must have known of the long continued use of this road by the public. So that, we think the verdict to the effect that a loud blast of steam frightened the horse mentioned, and that appellant was guilty of negligence in this particular is amply supported by the evidence.

On the issue of excessiveness in the judgment we have had more hesitation, but have finally concluded that we can not declare it to be excessive. Appellee's evidence is to the effect that at the time of the injury his wife was a strong woman, 39 years old, having a life expectancy of about 28 years, able to do all her housework and help her husband in the field; that she was picked up on the day of the injury after having been thrown from the buggy in an unconscious condition with her head bruised and bleeding, and her whole side down to her feet bruised and in bad condition; that she then weighed 150 pounds, but has since lost 30 to 35 pounds of flesh; that since her injury she has not seen a well day; that she has suffered every day since she was injured; that she is substantially unable to perform her household duties or to pick cotton as she formerly did; that her menial services were worth to appellee $15 per month prior to her injury and substantially nothing since; some $20 worth of medicine was reasonably

and necessarily administered. The attending physician testified that he had been a practicing physician for thirty years; that he had been treating Mrs. Jones for more than a year and made several careful examinations; that she was suffering from traumatic neurosis which was often fatal; that this trouble affects the nervous system directly and the rest of the system indirectly; that Mrs. Jones's injuries were permanent, and that he almost knew this fact, the one feature so confirming him in this opinion being the fact that Mrs. Jones was constantly losing flesh. As stated, we think we must sustain the judgment. See Missouri, K. & T. Ry. Co. v. Nail, 58 S. W. Rep., 165; Railway Co. v. Randall, 50 Texas, 261; Railway Co. v. Elkins, 54 S. W. Rep., 973, and authorities therein cited.

It is ordered that the judgment be in all things affirmed.

*Affirmed.*

Writ of error refused.