GULF, COLORADO & SANTA FE RAILWAY COMPANY v. J. J. WAFER.

Decided June 29, 1910.

**1.—Charge—Negligence.**

The instructions given having fully submitted the issue of plaintiff's right to recover as based on proof of defendant's negligence, a requested charge that defendant was not an insurer of plaintiff's safety as its employe, but liable only for negligence, was properly refused.

**2.—Same—Choice of Implements by Servant.**

A requested charge that plaintiff could not recover for injury by defect in an implement furnished by his employer if he voluntarily took a defective implement from among those furnished, was properly refused. It was on the weight of evidence, the question whether such act constituted negligence being one of fact for the jury.

**3.—Brief—Propositions—Statement—Pleading—Charge.**

Assignments of error in refusal of requested charges are held not so presented as to require reversal, because: (1) The assignments do not constitute sufficient propositions and are not followed by propositions in the brief. (2) The statements under them are insufficient, referring only to the entire testimony. (3) The charges, excusing defendant if plaintiff's injury was accidental merely, were not supported by the pleading. (4) The general charge had submitted liability as based solely on proof of defendant's negligence, and was sufficient.

**4.—Contributory Negligence—Comparative Negligence—Statute.**

Under the Act of April 13, 1909, Laws Thirty-first Legislature, p. 279, contributory negligence by the servant of a carrier no longer constitutes a full defense to his action for injury by the master's negligence, but is only ground for abatement in the amount of the damages recoverable.

**5.—Assumed Risk—Charge.**

Instructions on the subject of risks assumed by the servant held correct and sufficient to justify the refusal of a requested charge on that issue.

**6.—Evidence—Opinion—Appearance of Suffering.**

A witness who saw plaintiff after his alleged injury may testify that he then appeared to be suffering pain.

Appeal from the County Court of Milam County. Tried below before Hon. John Watson.

*Terry, Cavin & Mills* and *A. H. Culwell*, for appellant.

*U. S. Hearrell*, for appellee.

RICE, ASSOCIATE JUSTICE.—Appellee, on the 24th day of May, 1909, while in the employ of appellant as a section hand engaged in surfacing and lining up its track, was injured, and brought this suit to recover

damages therefor.   The negligence alleged consisted in the failure on the part of appellant to furnish suitable tools and the requisite number of men to perform said work.   Defendant answered by general denial, plea of assumed risk and contributory negligence.

There was a jury trial, resulting in a verdict and judgment in favor of the appellee for the sum of $340, from which this appeal is prosecuted.

The first assignment of error complains of the refusal of the court to give a peremptory instruction in behalf of appellant.   We think this charge was properly refused, because the evidence, while conflicting, presented an issue under the pleadings which was proper for the jury to pass upon.   Wherever the evidence is such that reasonable minds may differ as to the conclusion to be drawn therefrom, it would be error for the court to instruct a verdict.

Appellant requested and the court refused the following charge, which is assigned as error, towit: "You are instructed that under the law the defendant in this case is not an insurer of the plaintiff; that defendant is not liable though plaintiff is injured in its employ, as alleged, unless you believe from the evidence that defendant committed some act of negligence, and the plaintiff's injury resulted therefrom."   Since the question of negligence was fully and properly submitted to the jury in the main charge of the court, it was not error to refuse this charge.

The third assignment complains of the refusal on the part of the court to give the following charge: "You are instructed that if you find from the evidence that plaintiff voluntarily took a defective implement from among the implements offered to him by defendant, when he could have chosen a sound one just as easily, then plaintiff is guilty of negligence, and can not recover in this case."   This charge was upon the weight of evidence and properly refused.   It is error to charge that certain acts constitute negligence, because the question of negligence vel non is ordinarily one for the jury.   See Campbell v. Trimble, 75 Texas, 271; San Antonio & A. P. Ry. Co. v. Robinson, 73 Texas, 284; Texas & P. Ry. Co. v. Hill, 71 Texas, 459; Texas & P. Ry. Co. v. Murphy, 46 Texas, 367, 26 Am. Rep., 272; Houston & T. C. Ry. Co. v. Hodde & Werner, 42 Texas, 470; Walker v. Herron, 22 Texas, 60.

Appellant requested and the court refused to give the two following special charges:

"1.   If you find that plaintiff in this case was injured by reason of the fact that he stepped on a rock and fell, and it was not negligence on the part of the defendant in permitting the rock on its track or in the place you find from the evidence, if you so find, that it was in, and that the accident occurred from no other cause, then you will find for the defendant.

"2.   You are instructed that if you find that plaintiff came to any injury as alleged in the service of defendant, but that such injury was the result of pure accident, and was not the result of any negligence on the part of either the plaintiff or the defendant, then defendant is not

liable in damages to the plaintiff, and you will find a verdict in favor of the defendant."

The refusal of these charges is made the basis of the fourth and sixth assignments of error. Neither is followed by a proposition, but are submitted as propositions within themselves. There is no statement accompanying the same, except a general reference to the entire evidence as set out under appellant's first assignment. We do not think that these assignments constitute propositions within themselves; nor is a general reference to the entire testimony a compliance with the rules on this subject. The assignment must either be a proposition within itself, or must be followed by a proposition, to which "shall be subjoined a brief statement, in substance, of such proceedings or part thereof contained in the record as will be necessary and sufficient to explain and support the proposition, with a reference to the pages of the record." (Rule 31 for Crts. Civ. Apps.) See also Rules 24, 25 and 29 Id. Since appellant has wholly failed to comply with the requirements prescribed by said rules, we are justified in disregarding these assignments. See Sloan v. Thompson, 4 Texas Civ. App., 419; Johnson v. Lyford, 9 Texas Civ. App., 85; Colorado Canal v. McFarland, 109 S. W., 437; Walker v. International & G. N. R. R. Co., 117 S. W., 1022; Baum v. McAfee, 125 S. W., 984. But apart from this, if we should overlook this failure on the part of appellant to comply with the rules in this respect, we are inclined to believe that the court properly refused the charges requested, because there was no pleading on the part of appellant to the effect that the injury was caused by plaintiff's accidentally stepping upon a rock, and as this constituted no affirmative defense, there was no error in refusing said special charges. Besides, the general charge of the court requiring the jury to believe that appellant was guilty of negligence as charged, before they could find for plaintiff, it would seem was sufficient under the authority of Houston & T. C. Ry. Co. v. Milam, 60 S. W., 591. For all of which reasons both of these assignments are overruled.

The fifth assignment complains of the action of the court in refusing to give the following charge: "You are instructed that if you find that the work in which plaintiff was engaged when he alleges he was injured could have been done safely with the number of men you find were so engaged in company with plaintiff, though you may find that it could have been done less laboriously with more men, yet defendant was not guilty of negligence, and you will find for defendant, unless you find under some other charge for the plaintiff." This assignment is submitted as a proposition on the part of appellant, and is in the same condition with reference to a statement as the last two preceding assignments, and for a similar reason is regarded by us as in violation of the rules mentioned. Furthermore, we think it was a charge upon the weight of evidence, for which reason it ought not to have been given.

The seventh assignment complains that the court erred in refusing to give the following special charge requested by appellant: "You are instructed that even though you find defendant guilty of negligence,

yet if you find from the evidence that the plaintiff also was guilty of negligence which contributed to his injury, or, in other words, plaintiff would not have been injured but for negligence on his part, then plaintiff can not recover and you will find a verdict for defendant." The pleadings charged and the proof showed that the plaintiff was injured on the 24th day of May, 1909. The main charge of the court, after submitting the phases of negligence pleaded by plaintiff, and after giving a correct definition of contributory negligence, gave the following: "Now, if you find and believe from the evidence that plaintiff was guilty of contributory negligence as herein defined, the same would not bar a recovery by plaintiff, but the damages, if you should award any, should be diminished by you in proportion to the amount of negligence attributed to plaintiff." By the Act of the Thirty-first Legislature, which became operative April 13, 1909, the law of contributory negligence in this State was so changed as to permit a recovery on the doctrine of comparative negligence. The second section of said act reads: "That in all actions hereafter brought against any such common carrier or railroad, under or by virtue of any of the provisions of this Act to recover damages for personal injuries to an employee, or where such injuries have resulted in his death, the fact that the employee may have been guilty of contributory negligence shall not bar recovery, but the damages shall be diminished by the jury in proportion to the amount of negligence attributable to such employee; provided that no such employee who may be injured or killed shall be held to have been guilty of contributory negligence in any case where the violation by such common carrier of any statute enacted for the safety of employees contributed to the injury or death of such employee." See Acts of Thirty-first Legislature, approved April 13, 1909, pp. 279 et seq. This law was in force at the time plaintiff was injured, and the charge of the court conformed thereto, for which reason the special charge was properly refused.

The eighth assignment urges that the court erred in failing to give the following special charge: "You are instructed that, as matter of law, when plaintiff entered the employment of the defendant, plaintiff assumed all the risks ordinarily incident to the position he undertook to fill." On the subject of assumed risk the main charge reads: "You are instructed that plaintiff assumed all risks of dangers ordinarily incident to his said employment, but did not assume the risks, if any, that might arise by reason of the negligence of the defendant's agents." The court further charged on this phase of the case that "It was the duty of the servant to exercise reasonable and ordinary care for his own safety while he was discharging the duties of his employment; and if a tool is furnished to him by the master that has a defect that he could at once see when he came to use such tool without making a careful inspection thereof, and he uses said tool, and while so using the same, receives an injury caused by such defect, he can not recover any damages from his master on account of such injuries, unless you believe from the evidence that a person of ordinary care would have continued such

use with knowledge of such defect." These charges were in accordance with the doctrine of assumed risk, as prescribed by our statute upon the subject (see Acts of the Twenty-ninth Legislature, p. 386), and therefore the special charge was properly refused.

There was evidence tending to show the earning capacity of plaintiff prior to and at the time of the injury, as well as evidence showing his incapacity to work since said time, for which reason the court properly refused the tenth special charge.

During the progress of the trial plaintiff's counsel propounded the following question to the witness Gunn: "Did he (meaning plaintiff) seem to be in agony with regard to his back?" To which question appellant objected on the ground that it was improper, in that it called for the conclusion or opinion of the witness, and that it was permissible for him to testify only about the facts, the actions and the physical appearance of plaintiff. But the court overruled defendant's objections and the witness answered: "He appeared to be in right smart misery." This evidence, we think, was properly allowed. The witness had the right to express his opinion as to whether plaintiff seemed to be suffering at the time of the accident.

We do not think that there was any such misconduct shown on the part of the jury as would vitiate the verdict. And, finding no error in the proceedings of the trial court, its judgment is affirmed.

*Affirmed.*