FRANKLIN v. INTERNATIONAL & G. N. RY. CO. (No. 5433.)

(Court of Civil Appeals of Texas. Austin. Feb. 10, 1915.)

1. APPEAL AND ERROR &=263—REVIEW—NECESSITY OF EXCEPTIONS—INSTRUCTIONS.

Assignments of error with reference to the charge cannot be considered, no exceptions having been taken thereto.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1516–1523, 1525–1532; Dec. Dig. &=263.]

2. APPEAL AND ERROR &=742—ASSIGNMENTS OF ERROR—STATEMENTS.

Statements under assignments of error should not refer to bills of exceptions not appearing in the record.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. &=742.]

3. CARRIERS &=317—INJURY TO PASSENGER—IMMATERIAL EVIDENCE.

Plaintiff's excluded evidence, in a passenger's action for injury in alighting, that the depot lights would not throw light on the car steps, was immaterial, defendant not contending they were for, or served, that purpose, but contending the light from the cars and vestibule was sufficient.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1295, 1297–1305; Dec. Dig. &= 317.]

4. TRIAL &=255 — INSTRUCTIONS — NECESSITY OF REQUESTS.

The charge that plaintiff had the burden of making out her case cannot be complained of

because not instructing that defendant, as to its allegation of contributory negligence, had the burden; a request for such further charge being necessary.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 627–641; Dec. Dig. &=255.]

5. APPEAL AND ERROR &=1069 — HARMLESS ERROR—PAPERS IN JURY ROOM.

Any error in allowing the jury to have in the jury room a written statement previously made by a witness for plaintiff, as well as by her daughter, and proved up on her cross-examination, was harmless.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4136, 4138, 4139; Dec. Dig. &=1069.]

Appeal from District Court, Milam County; J. C. Scott, Judge.

Action by Emma Franklin against the International & Great Northern Railway Company. Judgment for defendant, and plaintiff appeals. Affirmed.

U. S. Hearrell, of Cameron, and Jesse Garrett, of Caldwell, for appellant. Chambers & Baskin, of Cameron, Doremus, Butler & Henderson, of Bryan, and Wilson, Dabney & King, of Houston, for appellee.

JENKINS, J. This is a suit to recover damages for personal injuries alleged to have been received by appellant on account of negligence of appellee in failing to provide and maintain sufficient light to enable passengers to alight from its cars with safety at Milano Junction.

[1] Assignments of error with reference to the charge of the court cannot be considered, for the reason that no exceptions were taken by appellant to the charge.

[2] Statements under assignments of error Nos. 2 and 9 refer to bills of exception Nos. 2 and 8. No such bills appear in the record. These assignments are copies from the motion for new trial, and, presumably, bills of exception Nos. 2 and 8 were presented to the court but not allowed, or were unintentionally omitted by the clerk in making up the transcript. Under such circumstances, the appellant should not have included the reference to such bills in his statement under assignments. Attorneys are required under the rules to correctly state matters purporting to appear in the record; and, as the record is made up before the brief is filed, such misstatements as above referred to ought not to occur.

[3] Assignment of error No. 1 relates to the refusal of the court to permit a witness to testify as to the condition of the lights at the depot. The witness was not present at the time of the accident, but it was proposed to be proven by him that he was familiar with the depot lights for a period of two months covering the time of the accident, and that if shining at their brightest they would not throw light on the steps of the cars where the passengers descended. It was not contended by appellee that these

lights were for, or that they served, that purpose; but the contention is that there was sufficient light from the cars and the vestibule to enable passengers to safely alight from the cars. The proposed testimony was immaterial.

Other assignments are to the effect that the court erred in giving special charges, in that the matters therein contained were sufficiently given in the general charge,. and that the charges given amounted to charges upon the weight of the evidence. We do not think the charges referred to are subject to this criticism.

[4] Assignment of error No. 9 is that the court erred in charging the jury that the burden of proof was upon the plaintiff to make out her case in that said charge, did not also inform the jury that the burden of proof was upon the defendant to sustain its allegations of contributory negligence. The charge as given was correct and not excepted to; and, if appellant desired any further charge upon the subject, she should have requested the same.

[5] Error is assigned upon the action of the court in permitting the jury, at their request, to have sent to their room a statement signed by Mrs. M. A. Hendricks and her daughter, Miss P. L. Hendricks, as to what they saw with reference to appellant's falling as she was descending the steps of the car. This statement was taken by the claim agent soon after the accident. Mrs. Hendricks and Miss Hendricks were subpœnaed as witnesses in behalf of appellant, and Mrs. Hendricks testified. While upon the stand, this statement was proven up by her upon cross-examination as having been made by herself and her daughter, and no objection was made to such testimony. We do not think that the error, if any, in allowing the jury to have this statement in their room during their deliberations, was sufficiently material to require a reversal of this case.

The jury returned a general verdict in behalf of appellee, no special issues having been submitted. This verdict is sustained by the evidence, whether the same was based upon lack of negligence on the part of appellee, or that no injury was received by appellant.

Finding no error of record, the judgment of the trial court is affirmed.

Affirmed.