## PUTNAM SUPPLY CO. et al. v. CHAPIN.
### No. 900.

Court of Civil Appeals of Texas. Eastland.

Nov. 27, 1931.

Rehearing Denied Jan. 15, 1932.

Wilkinson & Wilkinson and Callaway & Callaway, all of Brownwood, for appellants.

Geo. E. Smith, of Comanche, for appellee.

HICKMAN, C. J.

This is the second appeal of this case. Our opinion on the former appeal is reported in 26 S.W.(2d) 426. After the cause was remanded by this court for retrial, the pleadings were amended. As the case comes to us this time, it originated as a suit by appellee, Chapin, against appellants Putnam Supply Company and P. L. Burks jointly for actual damages in the sum of $1,731.05, and exemplary damages in the sum of $2,000 for the alleged conversion of certain oil well casing. The Putnam Supply Company's answer, in addition to defensive matters, contained allegations to the effect that both Burks and Chapin were indebted to it for the purchase price of certain well-drilling supplies and equipment, and prayed that, in case judgment should be rendered against it for conversion, it have judgment for the amount of said account against both Burks & Chapin. In his answer Burks set up a cross-action against Chapin for $1,274.66, based upon an alleged breach by Chapin of certain terms of a contract for the drilling of a well. To this answer and cross-action Chapin replied by a supplemental petition, setting up against Burks claims for various and sundry items of damages alleged to have been suffered by him on account of the failure by Burks to perform all the terms of the said well-drilling contract. The case was submitted to a jury on special issues, and, upon the answers thereto, judgment was rendered in favor of appellee, Chapin, against the appellants jointly and severally for $1,525.51, the value of the converted casing, and against the appellant Putnam Supply Company for $1,000 exemplary damages. On the several claims and counterclaims made between Burks and Chapin regarding the well-drilling contract, judgment was ren-

dered in favor of Chapin against Burks for the sum of $162.65 on account of overpayments found by the jury to have been made by Chapin, and the further sum of $519 as damages for the failure of Burks to plug the well and pull the casing in accordance with the terms of the contract.

■ After the jury retired to consider its verdict, it sent a request to the presiding judge that it be furnished with all of the pleadings which had been used on the trial of the cause. This request was complied with, and all of the active pleadings were delivered by the trial judge to the sheriff, who in turn delivered same to the jury. In the respective motions of appellants for a new trial, the action of the trial judge in this respect was assigned as error. Evidence was introduced upon the hearing. The evidence consisted of the testimony of three of the jurors and the respective attorneys. This evidence had to do with the question of whether injury resulted from this action of the trial court, and the further question of whether appellants waived the whole matter by failure to object to the court's action in furnishing the pleadings to the jury. Article 2193, R. S. 1925, provides: "The jury may take with them in their retirement the charges and instructions, general or special, which were given and read to them, and any written evidence, except the depositions of witnesses. * * *"

Prior to the revision of 1925, this article provided: "The jury may take with them in their retirement the charges and instructions in the cause, the pleadings and any written evidence, except the depositions of witnesses. * * *"

It thus appears that there is now no statutory authority for delivering the pleadings to the jury for its consideration in arriving at a verdict. The final title of R. S. 1925, § 2, provides: "That all civil statutes of a general nature, in force when the Revised Statutes take effect, and which are not included herein, or which are not hereby expressly continued in force, are hereby repealed."

The application of that section to the above-quoted article makes it conclusive that the Legislature intended to repeal that provision of the article giving authority to the trial judge to furnish the jury with the pleadings. Aside from this provision of the final title, under a well-settled rule of statutory construction, the annulment by the Legislature of the provision with regard to pleadings clearly evidenced a legislative intent to change the law. American Indemnity Co. v. City of Austin, 112 Tex. 239, 246 S. W. 1019; Bryan v. Sundberg, 5 Tex. 418; Stirman v. State, 21 Tex. 734; Turnstall v. Wormley, 54 Tex. 476; State of Texas v. Travis County, 85 Tex. 437, 21 S. W. 1029; Schley v. Hale, 1 White & W. Civ. Cas. Ct. App. §§ 930, 933.

We therefore conclude that under our present statute it is error for the trial court to permit the jury to take the pleadings with them in their retirement.

■■ The next question presented is, Does the duty rest upon appellants, who have pointed out this error, to go further and affirmatively show that same was harmful and prejudicial? In the case of Washington, etc., Ins. Co. v. Williams, 33 S.W.(2d) 796, 800, the Fort Worth Court of Civil Appeals disposed of this question in this language: "While it is probably better practice not to submit to the jury the pleadings of the parties, yet we do not think that such submission constitutes reversible error, unless injury is shown. See article 1957 under the former statutes of 1920 (Complete Tex. Stat.) which specifically allowed the pleadings to be given to the jury before retiring to the jury room. Article 2193, Rev. Civ. Statutes of 1925, does not specifically allow the pleadings to be taken to the jury room by the jury."

This opinion places the burden of showing injury upon the appellant. A writ of error has been granted in that case, and same is now pending in the Supreme Court. We think the correct rule is that stated by Judge Speer in Bell v. Blackwell (Tex. Com. App.) 283 S. W. 765, 767, as follows: "So that, there being error in the proceedings through which plaintiffs in error lost their case, the cause should be remanded, unless it affirmatively appears from the record that such error was harmless; or, differently stated, a reversal should follow if there is any reasonable doubt of its harmful effect."

This rule applies to errors generally, such as the admission or rejection of evidence, improper argument of counsel, and misconduct of the jury. No reason is perceived why the same rule should not apply to the error of the court in furnishing a jury with the pleadings in the case. Applying this rule to the instant case, we are unable to hold that this error was harmless. The pleadings involved many issues, claims, and counterclaims. The testimony of the jurors taken upon the motion for new trial discloses that these pleadings were employed as evidence. The least that could be said would be that we have grave doubts as to the harmful effect of the error. We should probably hold, if the rule required a holding on the question, that the evidence disclosed injury resulting to appellants from the use made by the jury of the pleadings. But, be that as it may, we are well convinced that an affirmative showing that no injury resulted is not disclosed.

■ The contention is made that appellants' attorneys waived this error by their failure to make timely objections. The bills of exceptions, with their qualifications, and the evidence on this question have been fully con-

sidered. To set them out in this opinion would prolong it unduly. We think it sufficient to state that no waiver is disclosed. There is no authenticated finding by the trial court, nor does the evidence establish that the attorneys knew these pleadings were being furnished to the jury, and certainly without knowledge they could not waive by failing to object. The bill of exceptions prepared by the court merely states that "to the best of my knowledge Mr. Callaway was in the court room and knew about when the pleadings were sent to the jury or when the documentary evidence was sent to them, as the pleadings were sent to the jury room upon their request before the documentary evidence was sent." This is clearly not a positive certificate by the court that Mr. Callaway knew when the pleadings were sent to the jury.

The question of whether error is shown by the ruling of the court upon appellants' exceptions to the supplemental petition of appellee is not so presented in the record as that we can definitely determine same. There is an indication that this case is a consolidation of two suits, and that, by agreement of the parties, the appellee pleaded this independent cause of action in a supplemental petition. If so, no error is disclosed in the ruling of the trial court. Otherwise, we think the matters pleaded in the supplement should have been pleaded in an amended petition, for it is well settled that the office of a supplemental petition is to reply to an answer of the defendant and not to allege an independent cause of action.

For the error above pointed out, the judgment of the trial court will be reversed, and the cause remanded.