## ENGLAND v. PITTS.

No. 11080.

Court of Civil Appeals of Texas. Dallas. Dec. 17, 1932.

Rehearing Denied Jan. 28, 1933.

494

D. A. Frank and Edward Gregg Wallace, both of Dallas, for appellant.

W. R. Herring, of Dallas, for appellee.

JONES, C. J.

In a suit in a district court of Dallas county, appellee, Laura Pitts, recovered judgment in the sum of $1,284 against appellant, W. H. England, trading as Bonded Transfer Company, for personal injuries alleged to have been received through the negligence of an employee of appellant while operating one of appellant's trucks. An appeal has been duly prosecuted to this court, and the following are the necessary facts:

On January 29, 1929, at about 8 p. m. appellee, a colored woman, walked north on the east side of Carroll avenue in the city of Dallas, to the intersection of such street with Worth street, where she undertook to cross Worth street, and just as she reached the opposite side, but before she had stepped upon the sidewalk, a truck owned by appellant and operated by his employee, Bill Arnold, attempted to turn this corner and collided with appellee, knocking her down, rendering her unconscious, and inflicting various injuries upon her person. Appellee at such time was approximately 67 years of age. She was regularly employed, and did certain kinds of housework, such as washing, ironing, cooking, and taking care of the small children of her employer. The amount of money she earned, prior to her injury, was small, being about $20 per month and her board.

A few months thereafter, this suit was instituted against appellant to recover damages for the personal injuries appellee received on the date in question, on several alleged grounds of negligence. The suit came to trial in the latter part of January, 1931, and on January 30, 1931, was submitted to the jury on special issues, a verdict was rendered favorable to appellee, and judgment entered in her behalf in the above designated amount. The findings of the jury are that: (1) Appellee sustained injuries on January 29, 1929, the occasion in question; (2) Bill Arnold, at the time and on the occasion in question, was the agent and employee of appellant; (3) Arnold failed to use ordinary care on the occasion in question to sound a warning; (4) such failure was a proximate cause of appellee's injuries; (5) Bill Arnold, on the occasion in question, was not driving the truck that struck appellee at a rate of speed in excess of twenty miles per hour;

(6) appellee, on the occasion in question, did not fail to use ordinary care for her own safety to keep a lookout before stepping into the street; (7) appellee, on the occasion in question, did not run into the side of the truck in question; (8) the injuries received by appellee on the occasion in question did not result from an unavoidable accident; and (9) the damages were assessed at $1,284. These findings are all supported by substantial evidence, and we adopt them as the findings of this court.

Appellant answered by a general demurrer, special exceptions, a general denial, and a special plea that appellee was guilty of negligence proximately causing, and contributing to cause, her injury, such negligence consisting: "(1) In failing to keep a lookout before stepping into the street, in order to take care of her own safety, (2) in running into the side of an automobile and being thereby thrown to the ground, (3) in stepping into the street without looking where she was going, and without exercising due care for her own safety, and (4) in negligently and recklessly walking into traffic, while dressed in dark clothes, without giving any warning, or sign of approach, and at a time when she could not be seen by the drivers of automobiles." Appellant also specially pleaded that the injuries complained of "were due directly and proximately to an unavoidable accident, for which this defendant is in no way liable."

All of the special exceptions were overruled, and, while error is assigned on the action of the court, in overruling such exceptions, we do not find that any of such assignments presents reversible error.

On the occasion of appellee's injuries, appellant was the sole owner of the business, trading under the name of Bonded Transfer Company, and owned six trucks which bore the sign "A. O. T. Bonded Transfer Company," and operated such trucks in carrying on his business. At the same time, appellant was vice president and manager of the Dallas Baggage & Cab Company, a corporation, which owned various trucks bearing the sign "Dallas Baggage & Cab Company." The business of each concern appears to have been operated from the same place. It was appellant's claim at the trial that the Bonded Transfer Company, his individual business, neither owned nor operated the truck in question on the occasion under review, nor was the driver of such truck his employee. He also claimed that the evidence failed to raise a disputed issue in respect to the ownership of such truck, or that the driver, Arnold, was in his employ, and requested peremptory instruction in this respect in his favor, and has assigned error on the action of the court in overruling such request. He further claimed that, independent of the issue as to his ownership of the truck, the evidence failed to raise an issue as to the neg-

ligence of the truck driver on the occasion in question, requested peremptory instruction in this respect, and has assigned error on the refusal of the trial court to give such instruction.

Appellant has also assigned error on the manner in which the special issues, in respect to appellee's ground of recovery, was submitted to the jury; also on the refusal of the court to give requested special issues submitting issues of appellee's contributory negligence; also on the ruling of the court in respect to the admission of evidence, and in respect to certain arguments to the jury made by counsel for appellee in his closing speech.

During the jury's consideration of the case, an oral request was made of the court by the jury, through the bailiff in charge, that the deposition of appellant be sent to the jury room. This request was complied with by the court and the deposition sent to the jury. Appellant's attorney, though in the courtroom at the time, did not know of this request, or that the deposition was sent to the jury, until the jury returned its verdict and he discovered that the deposition had been returned to the clerk with the other papers the jury had taken with them when they were sent to their room to consider their verdict. Appellant at once took a bill of exception to this action of the court, presented it as one of the grounds in his motion for a new trial, and has duly assigned error on the court's action in sending the deposition to the jury room, and in overruling his motion for a new trial on such ground.

■ The court did not err in overruling the motion for an instructed verdict, not in overruling appellant's objection to the submission of the issues of negligence in behalf of appellee, on the ground that there was no evidence to warrant such action. The evidence as to the ownership of the truck in question and the employer of the operator, Arnold, is in sharp conflict. As stated above, appellant's deposition was taken, presumably by appellee, and in such deposition appellant testified: "Bill Arnold was employed by me two and one-half years. He was in my employ when the above accident happened. He was driving one of my trucks. His duty was that of truck driving, delivering baggage. He was engaged in that work at that time. * * * This Bill Arnold is still working for me. I first heard of this accident the next day. I got a report from Mr. Taylor. He heard of it through Bill Arnold. The truck was a one-ton truck. I don't know which one he was driving. I could find out. I do not know the make of the truck, only a one-ton, light baggage truck. * * * I think the Bonded Transfer Company was organized in 1914, I don't remember. I was not the owner of the company when it was organized. I became the owner in 1923. I bought out the company.

It was not incorporated. W. H. Fritz owned it prior to my buying it. We have six trucks now."

This deposition was introduced in evidence by appellee. In addition to this testimony, on the issue of ownership of the truck and the employer of its driver, appellee's witness, John L. Reese, testified as to his proximity to the accident at the corner of Worth and Carroll streets, that there was a street light at that time on this corner, and that the "truck had A. O. T. Bonded Transfer Company * * * I know for a fact that the truck had A. O. T. on it, Bonded Transfer Company. I do not know what the name of the company is that owned the truck, but I do know those letters and those words were on the truck."

Bill Arnold testified positively that he was not in the employ of the Bonded Transfer Company on the occasion in question, but was in the employ of the Dallas Baggage & Cab Company, and that he was driving one of their trucks at such time, and that such truck did not have on it the lettering "A. O. T. Bonded Transfer Company," but, on the contrary, had on it the lettering "Dallas Baggage & Cab Company," and was owned and operated by the latter company on the occasion in question. Canceled checks made payable to Bill Arnold by the Dallas Baggage & Cab Company, as compensation for his services, were introduced in evidence. These checks covered the weeks from January 7, 1929, to February 24, 1929, one check being issued each week, varying in amounts from $10.30 to $21; the majority of such checks being in the neighborhood of $20.

Appellant, in his own behalf, testified at the trial of the case that: "The truck that was being driven by Bill Arnold at the time of the accident involved in this suit belonged to the Dallas Baggage & Cab Company at that time. At the time my deposition was taken in this case, I did not know exactly which truck was inquired about, but I know now whose truck it was, and I testified that it belonged to the Dallas Baggage & Cab Company, and that Mr. Arnold was working for the Dallas Baggage & Cab Company at the time of the accident; he was not working for me at the time. * * * When this deposition was taken in the office of Mr. Herring, attorney for plaintiff, I testified that W. F. Arnold was working for me, and in a way he does work for me, he works for the company that I have an interest in. * * * In my deposition I testified that Bill Arnold was on a delivery for me, and was working for me, and in a way he was; he was working for the Dallas Baggage & Cab Company, and I am a part of that company. I did not know when my deposition was being taken that I was being asked about the Bonded Transfer Company, or what company was being asked about; I knew Bill Arnold at that time."

When appellee introduced evidence from appellant's deposition that he was the owner of the truck in question, and that Arnold, the driver, was an employee of his, and also introduced the evidence of Reese, to the effect that the truck in question had painted on it the lettering "Bonded Transfer Company," she made a prima facie case of ownership of the truck in question in appellant. This prima facie case, however, is rebutted by the direct evidence of the driver, Arnold, that the truck was owned by the Dallas Baggage & Cab Company, and on the occasion in question was being operated by him as an employee of such company. It is further rebutted by the evidence of appellant, given on the witness stand, to the same effect; therefore appellant is met with the fact that the evidence as to the ownership of the truck in question and as to the employer of the driver, Arnold, is in sharp conflict, and is not undisputed evidence, as is necessary to form a basis for the first peremptory instruction requested by appellant. The assignment of error in this respect is overruled.

■■ Did appellee's evidence raise the issue of negligence in respect to the failure of Arnold to sound some kind of alarm when he turned the corner at the intersection of Carroll and Worth streets, and struck appellee? If so, then the trial court did not err in refusing appellant's second requested peremptory instruction. The effect of appellee's testimony is that no sort of alarm was sounded by Arnold on such occasion. Arnold was placed on the witness stand by appellant, but did not testify as to whether an alarm was sounded or not, for counsel for appellant did not question him in this respect, although appellee had theretofore testified to the effect that no alarm had been sounded. Under the circumstances, the court could treat the testimony of appellee in this respect as undisputed and unchallenged, because it was permitted by appellant so to go to the jury. The undisputed evidence showing that no signal or warning was sounded, there is presented the question as to whether the truck driver, turning a street corner at night, without sounding any signal, exercised ordinary care for the safety of users of the streets? This was peculiarly a question for determination by the jury, and not for the court. The assignment of error in this respect is overruled.

■■ Error is assigned because of the failure of the court to define the terms "negligence" and "contributory negligence." If the court had used these terms in the submission of the issues to the jury, then this assignment would be well taken. The court defined the term "ordinary care," and an approved definition of "negligence" is "a failure to exercise ordinary care." Instead of using the term "negligence," the court used the phrase "failure to exercise ordinary care." If, as submitted by the court, appellant, acting through his employee Arnold, failed to exercise ordinary care to sound a warning, then he was guilty of negligence. In other words, there is no legal difference in the manner in which the court submitted the issue of negligence in each special issue and the manner in which appellant claims such issue should have been submitted. The assignment of error in this respect is overruled.

■ Appellant timely objected to the manner in which special issue No. 3 was submitted. The language of this issue is: "Do you find from a preponderance of the evidence that the defendant, W. H. England, trading under the name of Bonded Transfer Company, acting through his agent and employee at the time and on the occasion in question, failed to use ordinary care to sound a warning?"

Appellant's objection is: (a) That the issue as submitted is duplicitous, in that it submits two issues, one as to whether there was a warning sounded, and the other as to the negligence of the employee in not sounding a warning; or (b) if not duplicitous, then it is on the weight of the evidence, because it assumes that no warning was sounded. As we have seen, the undisputed evidence shows that no warning was sounded; under such state of the evidence, the only issue for the jury to pass upon was whether such failure on the part of the employee was negligence, and this was clearly submitted to the jury by the court. The assignment of error in this respect is overruled.

■■ A witness for appellee testified that she had known appellee since the witness was a child, and that appellee had been employed for a long time in the witness' home. After thus qualifying, she was asked the question as to whether, from her observations of appellee before and after her injury, appellee appeared to be as able to work after the accident as she had been before the accident. To this the witness responded that appellee was not able to work after her injury. Error was assigned by appellant on the refusal of the court to strike out this answer. The answer is not responsive to the question, but appellant's motion to strike out did not contain such ground. The witness' long acquaintance with appellee and her observation of her, both before and after the injury, perhaps qualified her to express the opinion contained in her answer. Under the following authorities, we do not believe that this assignment presents reversible error: C., R. I. & T. Ry. Co. v. Jones, 39 Tex. Civ. App. 480, 88 S. W. 445; M., K. & T. Ry. Co. v. Farris (Tex. Civ. App.) 124 S. W. 497. Likewise we are of the opinion that reversible error is not shown in reference to the evidence given by George Pitts, appellee's brother, with whom she lived, in response to the following question: "Well now, that next day (the day following the injury), just tell the jury wheth-

er or not she appeared to be suffering physical pain," to which the witness answered, "Yes sir, she was suffering great pain the next day." The question was not objectionable, and the answer must be construed as responding to the question, that is, that appellee appeared 'to be suffering great pain. No motion was made to strike out the answer because it was not responsive to the question. Under the following authorities, we hold that this does not present reversible error: St. Louis & S. W. Ry. Co. v. Schuler, 46 Tex. Civ. App. 356, 102 S. W. 783; G., C. & S. F. Ry. Co. v. Wafer, 62 Tex. Civ. App. 74, 130 S. W. 712; San Angelo Water, Light & Power Co. v. Baugh (Tex. Civ. App.) 270 S. W. 1101; I. & G. N. Ry. Co. v. Sandlin, 57 Tex. Civ. App. 151, 122 S. W. 60; Henson v. Warren (Tex. Civ. App.) 274 S. W. 185.

■ Error is assigned on the argument of appellee's attorney, in which, as shown by the bill of exception, he stated that the jury contained two truck drivers, and two former truck drivers; that appellee's attorney had also been a truck driver, and knew something about truck driving, because, before and during the war, he had learned a lot about driving a two and one-half ton truck, and that he had driven a truck after he had come back from the Army; and then appealed to those of the jury who had had experience as a truck driver to agree with his experience that it was mighty hard to drive trucks in high gear at three miles per hour. This was not legitimate argument, for the reason that it is a plea to certain members of the jury to substitute their own experience in driving trucks for the testimony given by witnesses, and also because it is outside of .the record, in that appellee's attorney testified as to his own experience as a truck driver. However, as this argument is obviously in reference to the issue, which submitted the rate of speed the truck was being driven on the occasion in question, and as the jury returned a verdict against appellee's contention and in favor of appellant, it does not constitute reversible error, there being nothing in the argument of a prejudicial nature against appellant as to the other issues submitted.

The assignments of error in reference to other argument indulged in by the attorney we do not believe present reversible error, in that, in each instance, it appears that the attorney was drawing his own inference from testimony in evidence before the jury.

We do not believe the court erred in refusing either of the two requested special instructions on the issue of contributory negligence of appellee. The two special issues submitted by the court in the main charge, we think, fully covered the issues of contributory negligence raised by the evidence. The assignments of error in this respect are overruled.

■ Does the fact that the deposition of appellant was sent to the jury room, at the request of the jury, constitute reversible error? Article 2193, R. S. 1925 reads: "The jury may take with them in their retirement the charges and instructions, general or special, which were given and read to them, and any written evidence, except the depositions of witnesses, but shall not take with them any special charges which have been refused."

The mandate of this statute is to forbid depositions to be taken by the jury in their retirement to consider their verdict. A deposition is received in evidence by being read to the jury from the witness stand, and this statute places such evidence, in the manner of its reception by the jury, precisely on the same footing that is necessarily given the oral evidence of a witness, while a violation of this statute, in respect to the matter under inquiry, would thwart this purpose and place the deposition of a witness on a different footing to that of oral testimony, in that the jury would have the evidence given by the deposition continually before them, to be reread and considered by them in the absence of oral testimony that is contrary to the. evidence in the deposition. That the provisions of this statute are mandatory appears to be settled law in this state. Snow v. Starr, 75 Tex. 411, 417, 12 S. W. 673; Putnam Supply Co. et al. v. Chapin (Tex. Civ. App.) 45 S.W. (2d) 283; Stolz v. Wells (Tex. Civ. App.) 43 S.W.(2d) 163, and the authorities cited in these cases. However, the violation of a provision of a mandatory statute, prescribing procedure in the trial of cases does not necessarily present reversible error. The rule appears to be that, when a mandatory provision of such a statute is violated, such violation constitutes reversible error, unless it affirmatively appears from the .record that the violation of such statute visited no injury upon the losing party. Bell v. Blackwell (Tex. Com. App.) 283 S. W. 765; Miks v. Leath (Tex. Civ. App.) 26 S.W.(2d) 726, and authorities therein cited and reviewed; Putnam Supply Co. et al. v. Chapin, supra; Stolz v. Wells, supra. The question under consideration, therefore, resolves itself into this: Does the record in this case affirmatively disclose the fact that no injury to appellant resulted from the sending of the deposition to the jury?

The record discloses these facts: Appellant did not know, until the verdict was returned, that the deposition had been called 'for by the jury and sent to them by the court. The deposition in question contained evidence given by appellee prior to the trial of the case and read in evidence by appellee. It bore on only one material fact in the case; that is, the ownership of the truck in question and the employer of the driver of such truck. In such deposition, appellant testified that he was the owner of the truck and the employer of its driver. On the witness stand, at the time of the trial, he testified, in

effect, that at the time his deposition was taken he did not understand what truck was under consideration, and explained the use of his language, as to being the owner of such truck, in that he was vice president and manager of the Dallas Baggage & Cab Company, and had its trucks under his control, as well as being the owner of the Bonded Transfer Company. He testified further that the truck was not owned by the Bonded Transfer Company, but was owned and operated exclusively by the Dallas Baggage & Cab Company, and that Arnold was not in the employ of the Bonded Transfer Company, but was exclusively employed by the Dallas Baggage & Cab Company. The issue as to who was the employer of the driver of the truck was submitted to the jury as a disputed issue, and, as we have before seen, the evidence as to such employment was in sharp conflict. There is no direct evidence as to what issue the jury was considering when they sent for appellant's deposition, but, as the issue of the employer of the truck driver was the only issue submitted to the jury, in which appellant's deposition had any bearing, the conclusion is inevitable that the jury had under consideration such issue when the request was sent for such deposition. There is no evidence that the jury read the deposition when it was received, but again we think the conclusion inevitable that the jury did read the deposition and considered its contents upon the issue of the employer of the truck driver, which is special issue No. 2. It cannot be conceived that the jury had any other purpose in sending for the deposition than to read and consider its contents on this disputed issue. The verdict returned, in answer to the issue upon which the deposition bore, is against appellant. Unexplained by appellant's testimony given on the witness stand, his testimony in the deposition was conclusive against any contention as to the truck driver not being appellant's agent and employee on the occasion in question. Under these facts shown by the record, we do not think it is made to appear that no injury resulted to appellant by the violation of this statute, in sending the deposition to the jury. On the contrary, we think the presumption from the facts above stated is that injury did result therefrom.

■ In justice to the trial court, it should be stated that, when the deputy sheriff made to the court the oral request of the jury for the deposition, the court, seeing attorneys for both sides in the courtroom, assumed that they heard the request and did not object to the sending of the deposition to the jury. The bill of exception, however, amounts to a certificate that counsel for appellant did not know of the request of the jury and the sending of the deposition until after the verdict was returned. Putnam Supply Co. et al. v. Chapin, supra. We are of the opinion that

the assignment of error on this issue must be sustained.

It necessarily follows that, because of the error above pointed out, this case must be reversed and remanded for another trial, and it is so ordered.

Reversed and remanded.

### On Motion for Rehearing.

**BOND, J.**

■ On the original submission of this case, the writer was not a member of this court, and therefore did not participate in the preparation of the conclusion reached by this court in the original opinion; however, on appellee's motion for rehearing, each of appellant's assignments were carefully reviewed by this court, and we have reached the same conclusion in reference thereto as stated in the former opinion.

Appellant's assignment "that the court erred in sending out into the jury room the deposition of W. H. England while the jury was considering the special issues submitted by the court to the jury" is one which has given this court most concern, and in regard to which the members of this court are not in strict accord. The deposition of W. H. England bore directly on the issues of ownership of the truck involved and on the contract of employment of the truck driver at the time of appellee's injury. These issues were controverted issues, and, in fact, the record, without the deposition, would hardly have warranted a verdict in favor of such issues. The importance, materiality, and probative force of the evidence disclosed in depositions are important factors in determining whether the violation of a provision of a mandatory statute visited injury upon the aggrieved party. In the absence of proof of injury, unimportant, immaterial, uncontroverted, or cumulative disclosures by depositions, or the disclosures by the whole record, might affirmatively determine that no injury resulted to the losing party by the introduction of depositions into the jury's deliberation. Where the evidentiary fact disclosed by the deposition is on a vital controverted issue, as in this case, and without which the record would hardly sustain a verdict, the court should not speculate on the rights of the parties and assume that no injury resulted from the violation of this mandatory statute.

The form and manner of taking depositions, usually under the guiding hand of an interested and biased partisan, the questions propounded to and the answers thereto of witnesses, unexplained, often give rise to doubtful construction, and the evidentiary facts, material and vital to the suit, being constantly before the jury in written form while they are considering their verdict, carrying great weight and probative force, are

reasons within the contemplation of the statute why depositions should not be sent to the jury room during their deliberation. The depositions of witnesses are offered in evidence on the trial of a case on the same footing as oral testimony; the weight and probative force given such being for the determination of the jury. In the case of Snow v. Starr, 75 Tex. 411, 417, 12 S. W. 673, 676, cited in the original opinion, Justice Gaines said: "The letter of the statute, and its obvious policy, both demanded that it should not be placed in possession of the jury while they were considering their verdict."

Appellee introduced in evidence, by oral testimony, that the truck in question had in large letters painted on its side "A. O. T. Bonded Transfer Company." That, standing alone, evidently would not establish ownership of the truck. The deposition of W. H. England was introduced in evidence by appellee for the purpose of showing that appellant was the owner of the truck involved in this suit, and the driver was in appellant's employ at the time. Appellant introduced oral testimony that the truck involved did not belong to him, and that the driver of the truck, at the time, was not in his employ, and testified contradictory to his depositions. Thus we have the issues clearly drawn, contradicting and impeaching. The jury being the exclusive judges of the credibility of the witnesses and the weight and probative force to be given their testimony, appellant had a right to have his testimony considered and weighed in the manner contemplated by law. The jury had the deposition constantly before them while they were considering their verdict, to read, refer to, and consider, and refresh their memory during their deliberation. It gives to such testimony a pronouncement which the aggrieved party should not be required to suffer, and injury must necessarily follow.

In the case of Franklin v. I. & G. N. Ry. Co. (Tex. Civ. App.) 174 S. W. 333, cited in the dissenting opinion by Associate Justice LOONEY, the court held that the matter there complained of was not sufficiently material to require a reversal of the case. The court permitted the jury, at their request, to have sent to their room a statement signed by Mrs. M. A. Hendricks and her daughter, Mrs. P. L. Hendricks, as to what they saw with reference to the injury. The statement had been proven up, and the jury had its contents, and no objection was made to such testimony. Evidently, the contents of the statement were not material, only cumulative upon other testimony. In the instant case, the facts disclosed by the depositions were material, controverting and impeaching oral testimony vital to appellee's suit, and germane to the issues submitted to the jury.

In the case of Gonzales v. Flores (Tex. Civ. App.) 200 S. W. 851, 853, also cited in the dissenting opinion, the statement inadvertently sent into the jury room was written in Spanish. The record does not show the jury noticed or considered it, or that the jury understood the Spanish language. The facts disclosed in the instant case were testified to by other witnesses. The court said: "The only issue was that of value, and the only witness who testified as to value was plaintiff, and, his testimony corresponded to the values stated in the replevin bond and the verdict of the jury. Under the facts of this case we hold that the action of the jury in taking with them the lists of property testified from by plaintiff does not constitute such error as requires a reversal of the judgment." The effect of the Spanish statement being inadvertently sent to the jury, in the absence of proof that they could and did read it, and considered it in their deliberation, clearly would show no injury. In the instant case, they evidently considered the depositions on an issue raised by the pleading and by the evidence.

From the record of this case, the importance of the testimony disclosed by the deposition on a material controverted issue, the weight and force the jury must have considered it, we are unable to conclude that appellant suffered no injury by permitting the deposition to go into the jury room while they were considering their verdict.

Appellee's motion for rehearing is overruled.

LOONEY, J. (dissenting).

When the case was decided, I had an impression that the court was in error in reversing and remanding the cause; the doubt then expressed is now a conviction that the holding of the majority, on the last question discussed in the opinion by Chief Justice JONES, is error.

The origin of the question is fully stated in the majority opinion; in short, it is this: One of the material issues involved was whether or not appellant owned the truck and had in his employ Mr. Arnold, who was its driver at the time of the collision with and injury to appellee. On this issue appellant testified by deposition that he owned the truck and that Arnold (the driver) was employed by him at the time. This testimony was introduced in evidence by appellee; however, appellant, testifying in his own behalf at the trial, said in effect, that he did not own the truck, and that Arnold was not in his service at the time in question, thus producing a sharp conflict between his deposition testimony and that given at the trial.

During their deliberations, the jury made an oral request, communicated to the court by the bailiff, that appellant's deposition be sent to the jury room; this request was complied with. The majority states the question presented thus: "Does the fact that the deposi-

tion of appellant was sent to the jury room, at the request of the jury, constitute reversible error?"

I think the provisions of both articles 2193 and 2199 are more or less involved, and that the action of the court in sending the deposition to the jury room, under the circumstances, was in disregard of provisions of both statutes. Article 2199 provides the procedure, where a disagreement arises as to evidence; it reads: "If the jury disagree as to the statement of any witness, they may, upon applying to the court, have such witness again brought upon the stand; and the judge shall direct him to repeat his testimony to the point in dispute, and no other, and as nearly as he can in the language used on the trial; and on their notifying the court that they disagree as to any portion of a deposition or other paper not carried with them in their retirement, the court may, in like manner, permit such portion of said deposition or paper to be again read to the jury."

The evident purpose, in authorizing the reproduction of testimony, is to aid the memory of jurors and compose disagreements that may arise as to either oral or deposition testimony. It is obvious that a disagreement arose in regard to the deposition testimony of appellant, else the request communicated to the court through the bailiff would not have been made. The statute contemplates that, when this occurs, on proper request, the court may in open court permit such portion of the deposition involved in the disagreement to be again read to the jury; however, this procedure was not pursued in the instant case; instead, the deposition was sent to the jury room.

However, as the result of these irregular proceedings, the jury simply received and considered the previously read deposition testimony of appellant, the re-reading of which they had the legal right to request; in fact, it was their duty to request in the event of a disagreement, such as evidently existed at the time the request was made. It nowhere appears that any new, extraneous, or prejudicial fact reached the jury, in connection with the deposition, and nothing to justify a presumption, other than that the jury simply re-read appellant's deposition testimony. Thus the question, denuded of every confusing fact or circumstance, is presented, whether these irregular proceedings, in the absence of a showing or suggestion of resultant injury, required reversal. I do not think so.

It has been repeatedly held that similar procedural errors were harmless. In Franklin v. I. & G. N. Ry. Co. (Tex. Civ. App.) 174 S. W. 333, the Austin court held that any error in permitting the jury to have a written statement made by a witness and her daughter, to a claim agent, as to what they saw when the injury under investigation was received, the witness on cross-examination having admitted its correctness, was harmless. In Gonzales v. Flores (Tex. Civ. App.) 200 S. W. 851, 853, the jury took out two original memoranda in Spanish, not in evidence, but from which plaintiff testified. The record failed to show that the jury understood the Spanish language, or considered the memoranda; the court held that harmful error was not shown. In Dunman v. South Texas Lbr. Co. (Tex. Civ. App.) 252 S. W. 274, 276, the jury were permitted to take out the verified account sued upon, after having been denied under oath by defendant. The Austin court said that this was error, but, in the absence of a showing of injury, did not justify reversal. Washington, etc., Co. v. Williams (Tex. Civ. App.) 33 S:W.(2d) 796, was an action on an accident policy. The Fort Worth court held that, no injury being shown, it was not reversible error to submit to the jury the pleadings of the parties. Writ was granted, and the case was reversed, but on other grounds. See (Tex. Com. App.) 49 S.W.(2d) 1093. In St. L., B. & M. Ry. Co. v. Lane (Tex. Civ. App.) 248 S. W. 59, 62, on request of the jury, the testimony of a witness on a certain point was read to them by the court reporter in the presence of the court and the parties; held not prejudicial. To the same effect, see, American Nat'l Bank v. Haggerton (Tex. Civ. App.) 250 S. W. 279.

In the absence of a showing or suggestion of injury, or of any fact or circumstance upon which a reasonable doubt as to injury could be predicated, I do not think the bare disregard of the statutes in question presents harmful error, therefore am of opinion that appellee's motion for rehearing should have been granted, the former judgment of this court set aside, and the judgment below affirmed.