**BASSMER v. KOTULEK.**

No. 1323.

Court of Civil Appeals of Texas. Eastland.

Oct. 12, 1934.

Mathis & Caldwell, of Wichita Falls, for appellant.

Wayne Somerville, of Wichita Falls, for appellee.

FUNDERBURK, Justice.

F. M. Kotulek brought this suit against N. M. Bassmer seeking to recover $282.84 claimed to be due for wages and expenses—$246.37 of said amount is for wages and $36.47 for expenses. The wages claimed were for services from March 26, 1932, to June 3, 1932, at $25 per week; $3.63 being credited on the total. The claim for expenses was for a balance due at the end of the above-named period, but extending back to January 1, 1932. The defendant, in addition to a general demurrer, which was overruled, and a general denial, pleaded a counterclaim for $58.84, which was allowed, and no question made concerning same, thereby reducing plaintiff's claim to $244. For this amount, based upon issues submitted to and found by the jury favorably to the plaintiff, judgment was rendered for plaintiff, from which the defendant has appealed.

After the jury had retired from the courtroom to consider their verdict and had been deliberating for an hour or more, the officer in charge informed the trial judge that the jury wanted all the figures available relating to the personal account of the plaintiff with the defendant, and also the figures relating to gasoline and oil used by the defendant in his

work for the plaintiff. In response, the judge sent the trial pleadings of the parties to the jury, with the direction to the officer to inform the jury that if they desired any additional information as to said accounts to make their request in writing. All this occurred in the absence and without the knowledge of the appellant, or his counsel, but, becoming known immediately afterwards, was objected to and request made of the court to declare a mistrial, and that the pleadings be withdrawn and the jury instructed not to consider same, all of which was overruled and exceptions to such action duly taken.

Two questions are presented arising out of this transaction. One is whether it is error for the jury to be permitted to have the pleadings during their deliberations, and the other is: Does such transaction involve a communication by the jury with the court, or by the judge with the jury, which is prohibited by the provisions of R. S. 1925, arts. 2195, 2197, or 2198?

 This court has already passed upon the first question in Putnam Supply Co. v. Chapin, 45 S.W.(2d) 283. It is our view that R. S. 1925, art. 2193, by provisions both enabling and prohibiting, prescribes what a jury may take with them in their retirement. The effect of that provision of the statutes is to prohibit the jury from taking with them the pleadings in the case, when same do not constitute written evidence. The provision is mandatory. Snow v. Starr, 75 Tex. 411, 12 S. W. 673; Putnam Supply Co. v. Chapin, supra; England v. Pitts (Tex. Civ. App.) 56 S. W.(2d) 493. The error is material and presumptively harmful.

 We are also of the opinion that, even if the law permitted the jury to have the pleadings in their retirement, the manner in which they gained possession of them, as shown by this record, would constitute material error. The jury made a request which, had it been done in the proper manner, was not one proper for the court to grant. The court by way of answer to that request not only sent the pleadings, which was improper, as we have above stated, but accompanied same with the message that if they desired any additional information to make their request for same in writing. This was a clear implication that the jury could consider the pleadings for the purposes for which they had requested the figures relating to the account. It was not merely a communication by the judge to the jury made through the officer in charge, but it was a communication of an affirmatively prejudicial nature, in that it

was well calculated to improperly affect the justice and fairness of the verdict. Our investigation of this question has involved the reading of the available decisions relating to communications between a judge and jury, whether made directly by the judge to the jury or members thereof, or by the jury or members thereof to the judge, or indirectly through the officer in charge as messenger. We cannot escape the conviction that upon this subject there has been applied a degree of hair-splitting strictness not compatible with ordinary human nature and not necessary to the accomplishment of the purposes of the law. But, since we have concluded that the communication from the trial judge to the jury, reflected by the record in this case, is a material communication, in that it was one calculated to affect the verdict of the jury, and in every way meets the requirements of R. S. 1925, art. 2234, relating to motions for new trial, we are not properly called upon to enter into a discussion of communications which would not be material within the purview of the last mentioned article of the statutes.

 The appellant also contends that plaintiff's petition was insufficient and that the court erred in overruling the general demurrer thereto. The contention is that the petition failed to allege that the defendant entered into a contract to pay plaintiff the wages and traveling expenses sued upon. The petition alleged the existence of a verbal contract made and entered into about January 1, 1932, for the payment by defendant to plaintiff of $25 per week and certain traveling expenses. The pleading is perhaps insufficient to warrant recovery of the traveling expenses, in that it does not sufficiently allege the terms of the contract. The petition should have alleged the facts of the agreement and such additional facts as would show as a legal conclusion that the agreement constituted a contract, but as against the general demurrer we are of the opinion that the pleading was sufficient to state a cause of action for the personal services of the plaintiff. It would be subject to special exception, and, as we have said, it is doubtful if it is sufficient to warrant recovery of expenses.

 We need not give particular attention to this question, since the case must be reversed, and the plaintiff will no doubt desire to amend his pleadings. The appellee seeks to support the judgment wholly upon the ground that the undisputed evidence showed that plaintiff was entitled to the judgment

rendered, and that therefore the errors complained of were harmless. We are of the opinion that, if the record clearly revealed that no fact issue was raised, and that the judge should have, based upon findings in response to peremptory instructions, rendered judgment for the plaintiff, the same as was rendered, the errors would be thereby affirmatively shown to be harmless. We have carefully read the statement of facts, and, instead of concluding that such is the state of the record, it lacks but little of showing conclusively that plaintiff was not entitled to recover anything. Owing to apparent inconsistencies in the plaintiff's testimony, thereby casting some doubt upon its entire purport, it is our conclusion that an issue was raised for the determination of the jury.

.It is therefore our opinion that the judgment of the court below should be reversed and the cause remanded for another trial, which is accordingly so ordered.