**MID–SOUTH BOTTLING COMPANY and Buchanan Enterprises, Inc., Appellants,**

v.

**Jeffery CIGAINERO, Appellee.**

**No. 6–90–012–CV.**

Court of Appeals of Texas, Texarkana.

Oct. 16, 1990.

Rehearing Overruled Nov. 6, 1990.

Monty G. Murry, Gooding & Dodson, Texarkana, for appellant.

Winford L. Dunn, Jr., Smith, Stroud, McClerkin, Dunn & Nutter, Texarkana, for appellee.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

## OPINION

BLEIL, Justice.

Mid–South Bottling Company appeals a judgment based on a jury finding that it terminated Jeff Cigainero as an employee because he filed a workers' compensation

claim against the company. The company maintains that the trial court erred by allowing the jury to take a portion of a deposition into the jury deliberation room. Additionally, the company asserts that there was no evidence or insufficient evidence to support the jury's finding that the company terminated Cigainero because he filed a workers' compensation claim. We agree that the trial court erred in furnishing the jury a part of the deposition testimony of Ben McBay. However, concluding that this error did not amount to such a denial of the rights of the company as was reasonably calculated to and probably did cause the rendition of an improper judgment, and finding evidence which sufficiently supports the verdict, we affirm.

Cigainero worked for the company as a merchandiser from October 1985 through June 1986. The company fired him July 7, 1986. He brought suit alleging that he was terminated because he filed a workers' compensation claim against the company. Cigainero testified that he injured his back on June 30, 1986, while delivering soft drinks to a store. He verbally reported the injury to a secretary that evening. The secretary then relayed the message to the company's vice-president, who instructed Cigainero to go to the hospital for treatment. He did so, and remained off work under his doctor's orders until August 18, 1986. When he returned to work on that date, his supervisor, Ben McBay, told him he no longer had a job.

At trial, the company asserted that it fired Cigainero because of his poor job performance and his inability to follow orders. It introduced unsatisfactory monthly evaluations and a written warning which Cigainero received in mid-June. McBay, the company's representative at trial, testified that Cigainero simply failed to report for work the first three days in July. He further testified that he did not know that Cigainero had been injured until after he returned to work on July 7 and that by this time, Cigainero had already been terminated for failure to report to work. McBay's trial testimony directly contradicts testimony he had previously given on deposition. In his deposition, McBay stated that he filled out the required accident report on June 30 when Cigainero was injured and that someone else recopied the information onto the correct forms in August. Cigainero's attorney read the conflicting portion of McBay's deposition into the record at trial.

During the jury deliberations, the jury apparently communicated with the court in chambers and requested that the trial court furnish it the excerpt of McBay's deposition, which Cigainero's attorney had read to the jury.[1] The trial court then allowed the jury to take this part of the deposition to the jury room.[2]

The company asserts that the trial judge erred in allowing the jury to take the deposition excerpt into the jury room. TEX. R.CIV.P. 281 specifically excludes depositions of witnesses from those items which the jury may take with them into deliberations. Unquestionably, the trial court erred in furnishing the jury a written portion of the deposition testimony of the witness. *Tex.R.Civ.P.* 281, 287.[3]

---

1. This communication with the court was allowed to take place contrary to the spirit and letter of TEX.R.CIV.P. 285, which requires such communication to be made verbally or in writing, *in open court.* We have no record of this communication or of instructions, if any, the court provided the jury pursuant to TEX.R.CIV.P. 286.

2. We are made aware of this by virtue of the company's attorney's bill of exception which states that the court responded to a jury request, received in court chambers, by furnishing it over objection the deposition excerpt which had been read to the jury by Cigainero's attorney. The bill of exception was found to be correct and approved by the trial court. Cigainero's attorney was not in chambers when the court overruled the objection to the deposition part being given to the jury.

3. TEX.R.CIV.P. 281 provides:

    The jury may, and on request shall, take with them in their retirement the charges and instructions, general or special, which were given and read to them, and any written evidence, except the depositions of witnesses, but shall not take with them any special charges which have been refused. Where part only of a paper has been read in evidence, the jury shall not take the same with them, unless the part so read to them is detached from that which was excluded.

■ The company relies on *England v. Pitts*, 56 S.W.2d 493, 498 (Tex.Civ.App.–Dallas 1932, writ dism'd), to support its assertion that this error requires that the case be reversed and remanded. In *England*, the court found that it was reversible error to allow the deposition in the jury room. The court based its decision on the rule in existence at that time which required reversal any time a lower court had violated a mandatory provision of a procedural statute unless it appeared affirmatively from the record that no injury to the appellant resulted from that violation. *England v. Pitts*, 56 S.W.2d at 497. This rule is no longer in effect. *Walker v. Texas Employers' Insurance Association*, 155 Tex. 617, 291 S.W.2d 298, 301 (1956); TEX.R.APP.P. 81(b)(1). Before an appellate court can reverse a decision based on such an error, it must determine that the error was calculated to cause and probably did cause an improper verdict to be rendered in the case. *First Employees Ins. Co. v. Skinner*, 646 S.W.2d 170, 172 (Tex.1983); TEX.R.APP.P. 81(b)(1). We now consider what effect the trial court's error had on the outcome of this case.

■ The deposition excerpt that the company claims caused the jury to reach an improper verdict was damaging to the defense of the case. The excerpt directly contradicts McBay's trial testimony and indicates that the company knew that Cigainero had filed a workers' compensation claim when the company fired him. The question on appeal, however, is whether the jury's verdict probably resulted directly from the presence of a part of the deposition in the deliberation room. If the jury had questions about the deposition excerpt, the rules provide that they may have requested that the part of the testimony in question be read to them. TEX.R.CIV.P.

287. Thus, the jury had already focused upon the contradictory deposition testimony and could have properly received that portion orally in open court. Furthermore, other evidence besides McBay's deposition testimony contradicted his trial testimony. Cigainero filed a report of injury to the company on the date of the injury; both he and his wife notified other company supervisors of the injury; his report of injury was initially made on the date of injury but was later recopied onto a different form after he was fired; Cigainero's wife conferred with the company several times after his injury regarding his absences from work due to his injury. McBay's trial testimony that on July 7, 1986, he had no knowledge of Cigainero's June 30, 1986, injury seems inconsistent with most of the other evidence, not just his previous deposition testimony. It is therefore unlikely that the presence or absence of the document itself in the jury room was the sole basis for the jury's decision. We are unable to conclude that the error was of a type reasonably calculated to cause the rendition of an improper verdict.

■ The company contends that there is no evidence or in the alternative, that there is insufficient evidence to support the jury's finding that Cigainero was terminated because he filed a workers' compensation claim against his employer. In reviewing a no evidence point of error we must consider only the evidence which supports the jury's verdict and disregard all contrary evidence. *Sherman v. First Nat'l Bank*, 760 S.W.2d 240, 242 (Tex.1988); *International Bank, N.A. v. Morales*, 736 S.W.2d 622, 624 (Tex.1987). The evidence that Cigainero introduced at trial in support of the jury's verdict includes his testimony that he reported his injury to his employer on the day that it happened;

TEX.R.CIV.P. 287 provides:
If the jury disagree as to the statement of any witness, they may, upon applying to the court, have read to them from the court reporter's notes that part of such witness' testimony on the point in dispute; but, if there be no such reporter, or if his notes cannot be read to the jury, the court may cause such witness to be again brought upon the stand and the judge shall direct him to repeat his testimony as to the point in dispute, and no other, as nearly as he can in the language used on the trial; and on their notifying the court that they disagree as to any portion of a deposition or other paper not permitted to be carried with them in their retirement, the court may, in like manner, permit such portion of said deposition or paper to be again read to the jury.

McBay's deposition testimony that he filled out the accident report on the day of the accident or the following day; McBay's testimony that Cigainero was terminated for failure to report to work in July; and his wife's testimony that she called her husband's supervisor daily from the date that he was injured until she was told not to call again. Once the steps were initiated to institute the claim, the employer was then required to show good cause to support the firing. *See Santex, Inc. v. Cunningham,* 618 S.W.2d 557, 560 (Tex.Civ.App.–Waco 1981, no writ); Sullivan, *Retaliatory Firings: The Remedy Under the Texas Workers' Compensation Act,* 19 Tex.Tech.L. Rev. 85, 92 (1988). Since there is evidence to support the jury's verdict, the company's no evidence point of error must fail.

▪ Pivotal in the company's claim of a lack of evidentiary support is the wording of the question asked the jury. The court asked the jury whether it found that the company terminated Cigainero because he had "filed a claim" for workers' compensation, which the jury answered affirmatively.[4] The company maintains that the evidence fails to show that Cigainero "filed a claim," but rather merely shows that he notified his employer of his injury and filed the required report of injury. We reject the company's argument as too narrow an interpretation of the Workers' Compensation Act. The purpose of Tex.Rev.Civ.Stat. Ann. art. 8307c (Vernon Supp.1990) is to protect persons who are entitled to benefits under the Workers' Compensation Act and to prevent them from being discharged by reason of taking steps to collect such benefits. *Carnation Co. v. Borner,* 610 S.W.2d 450, 453 (Tex.1980). It has been held that the article may apply to a situation in which the employee was fired before filing his claim for compensation. *Hunt v. Van Der Horst Corp.,* 711 S.W.2d 77, 79 (Tex. App.–Dallas 1986, no writ); *Texas Steel Co. v. Douglas,* 533 S.W.2d 111, 115–16 (Tex. Civ.App.–Fort Worth 1976, writ ref'd n.r. e.).

▪ We conclude that evidence which shows that an employee took steps towards instituting a proceeding under Article 8307c constitutes evidence which could support a finding that the employee "filed a claim." To hold otherwise would frustrate the purposes of the Act. In this light, we review the evidence.

▪ In reviewing a factual sufficiency challenge, we consider all of the evidence, including evidence contrary to the jury's verdict. *Plas–Tex, Inc. v. U.S. Steel Corp.,* 772 S.W.2d 442, 445 (Tex.1989); *Burnett v. Motyka,* 610 S.W.2d 735, 736 (Tex.1980). In this case, there was evidence to support the company's contention that Cigainero was, in fact, fired because of his poor work record. Additionally, McBay testified that he was unaware that Cigainero was injured at the time he filled out the papers to terminate him. When the jury is presented with conflicting evidence it may choose to believe one witness and disbelieve others or it may resolve inconsistencies in the testimony of any witness. *McGalliard v. Kuhlmann,* 722 S.W.2d 694, 697 (Tex.1986). As the trier of fact, the jury is the sole judge of the credibility of witnesses and the weight to be attached to their testimony. *Dalton v. George B. Hatley Co.,* 634 S.W.2d 374, 377 (Tex.App.– Austin 1982, no writ). Although there was evidence from which the jury could have believed the company's assertions, there

---

**4.** The question submitted is no model of a question to be asked the jury in workers' compensation cases. The Workers' Compensation Act contemplates a much broader question which covers not only filing a claim, but hiring a lawyer or in good faith causing a claim to be instituted. Texas Pattern Jury Charges (2 State Bar of Texas, Texas Pattern Jury Charges PJC 29.01 (2d ed. 1989)), e.g., suggests the following submission of this question:

Did *ABC Company discharge Paul Payne* in violation of the Texas Workers' Compensation Act?

The Texas Workers' Compensation Act provides that no person may discharge or in any other manner discriminate against an employee because the employee has in good faith filed a claim, hired a lawyer to represent him in a claim, instituted, or caused to be instituted in good faith, any proceeding under the Texas Worker's (sic) Compensation Act, or has testified or is about to testify in any such proceeding.
Answer "Yes" or "No."
Answer: _____

was also sufficient evidence to support the jury's finding that the company terminated Cigainero, at least in part, because he filed a workers' compensation claim. It was not necessary for the jury to find that Cigainero's workers' compensation claim was the sole reason that the company fired him. In order to prevail, he need only have shown that his claim contributed to the company's decision to terminate him. *General Electric Co. v. Kunze,* 747 S.W.2d 826, 830 (Tex.App.–Waco 1987, writ denied); *Santex, Inc. v. Cunningham,* 618 S.W.2d at 560; TEX.REV.CIV.STAT.ANN. art. 8307c, § 1 (Vernon Supp.1990). Because there was sufficient evidence to support the jury's finding that Cigainero's claim against the company contributed to his termination, we overrule the company's evidentiary complaints.

We affirm the judgment of the trial court.