**GUNN CHEVROLET, INC., Petitioner,**

v.

**Mara HINERMAN, Respondent.**

No. 94–0830.

Supreme Court of Texas.

May 25, 1995.

---

1. We assume without deciding that the exclusion of May was erroneous. *See H.B. Zachry Co. v.* *Gonzalez,* 847 S.W.2d 246 (Tex.1993)

Jonathan Yedor, San Antonio, for petitioner.

Jeffrey S. Bernstein, San Antonio, for respondent.

## PER CURIAM.

Section 451.001 of the Texas Labor Code prohibits a person from, among other things, discharging an employee for filing a workers' compensation claim in good faith. The issue in this case is whether this statute imposes liability on a non-subscribing employer under the Workers' Compensation Act for discharging an employee injured on the job when the employer did not cause the injury. We hold that there is no liability as a matter of law.

Mara Hinerman, a salesperson for Gunn Chevrolet, was injured in an accident that occurred when a demonstrator car she was driving for a potential buyer was struck from behind by another vehicle. Hinerman has never claimed that Gunn caused the accident in any way. She returned to work and told a supervisor about the accident but did not seek immediate medical care. Later, she took time off from work to obtain treatment. Four months after the accident, Gunn fired Hinerman for leaving work early without permission in violation of company policies. Hinerman settled her damage claim against the other driver in the accident. She never made any claim against Gunn before her discharge.

A year after the accident and eight months after her discharge, Hinerman filed a compensation claim even though Gunn was a non-subscriber under the Workers' Compensation Act, and Hinerman had no reason to believe Gunn was a subscriber. She then sued Gunn on a number of theories, including retaliatory discharge under what is now section 451.001 of the Labor Code and was then article 8307c, Tex.Rev.Civ.Stat.Ann. (Vernon Supp.1994) (Act of Apr. 22, 1971, 62nd Leg., R.S., ch. 115, 1971 Tex.Gen.Laws 884, repealed by Act of May 12, 1993, 73rd Leg., R.S., ch. 269, § 5, 1993 Tex.Gen.Laws 987, 1273). The trial court granted Gunn summary judgment on all of Hinerman's claims. Hinerman appealed only her retaliatory discharge claim. The court of appeals reversed, holding that a genuine fact issue remained as to whether Hinerman's termination was related to her claim for compensation benefits. 877 S.W.2d 806.

We conclude that there is no fact issue in this case precluding summary judgment. Hinerman had no good faith claim for compensation because Gunn was a non-subscribing employer, Hinerman had no reason to think otherwise, and she never claimed that Gunn did anything to cause her injury. Therefore as a matter of law Gunn did not discharge Hinerman for filing a compensation claim in good faith or for seeking damages for a job-related injury that Gunn caused.

We have assumed, because we need not decide in this case, that employees of non-subscribers are protected by section 451.001. One court of appeals has suggested they are. *Hodge v. BSB Invs., Inc.,* 783 S.W.2d 310, 312–13 (Tex.App.—Dallas 1990, writ denied). And we have not considered whether notice of an employee's on-the-job injury to his non-subscribing employer, when the employer is at fault, is sufficient to invoke any statutory protection against retaliatory discharge. Several courts of appeals have held that such notice is enough when the employer is a subscriber: *Borden, Inc. v. Guerra,* 860 S.W.2d 515, 521 (Tex.App.—Corpus Christi 1993, writ dism'd by agr.); *Palmer v. Miller Brewing Co.,* 852 S.W.2d 57, 60–61 (Tex. App.—Fort Worth 1993, writ denied); *Worsham Steel Co. v. Arias,* 831 S.W.2d 81, 84 (Tex.App.—El Paso 1992, no writ); *Mid–South Bottling Co. v. Cigainero,* 799 S.W.2d 385, 389 (Tex.App.—Texarkana 1990, writ denied); *Hunt v. Van Der Horst Corp.,* 711 S.W.2d 77, 80 (Tex.App.—Dallas 1986, no writ); *Texas Steel Co. v. Douglas,* 533 S.W.2d 111, 115 (Tex.Civ.App.—Fort Worth 1976, writ ref'd n.r.e.). Our holding in this case does not touch upon these issues.

Accordingly, a majority of the Court grants Gunn's application for writ of error and, without hearing oral argument, reverses the judgment of the court of appeals insofar as it reverses the judgment of the trial court, and renders judgment that Hinerman take nothing against Gunn. Tex.R.App.P. 170.