Beatrice DUHON, Appellant,

v.

**BONE & JOINT PHYSICAL THERAPY CLINICS, Appellee.**

No. 09–96–152 CV.

Court of Appeals of Texas, Beaumont.

Submitted Jan. 24, 1997.

Decided June 26, 1997.

---

7. This court has recently disposed of this issue. *Ex parte Martinez,* 942 S.W.2d 89 (Tex.App.— Fort Worth 1997, no pet.).

Larry Watts, Watts & Associates, Houston, for appellant.

Fred L. Jackson, Nederland, for appellee.

Before WALKER, C.J., and BURGESS and STOVER, JJ.

## OPINION

STOVER, Justice.

This appeal arises from a suit by appellant Beatrice Duhon in which she alleges she was terminated from her employment as a physical therapy technician at Bone & Joint Physical Therapy Clinics ("Clinic") in violation of TEX. LAB.CODE ANN. § 451.001 (Vernon 1996), commonly known as the anti-retaliation statute. Appellee Clinic filed a motion for summary judgment which was granted by the trial court. Appellant Duhon appeals and urges the trial court erred in granting the summary judgment.

Duhon worked for appellee for eleven years. On November 30, 1993, at the close of the work day, Duhon sustained an on-the-job injury which she reported the next working day to her supervisor, Clyde Bob Dark. She did not miss any days of work because of the injury. Approximately five months after the injury, she was laid off by appellee—allegedly to allow the hiring of a licensed physical therapist. Her termination date was April 1, 1994. Shortly thereafter, with a document dated April 3, 1994, appellant filed a claim for unemployment benefits and gave as the reason for her entitlement to those benefits her employer's replacement of her with a licensed therapist. Having told Duhon on April 1, 1994, that Clinic would file a workers' compensation claim, appellee filed an Employer's First Report of Injury on May 11, 1994, some five and one half months after Duhon informed Clinic of the injury and a month after her termination. Duhon herself filed an employee's notice of injury on June 13, 1994. Appellant received workers' compensation benefits as a result of her injury.

A movant for summary judgment has the burden of showing there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548 (Tex.1985). A defendant is entitled to summary judgment if the evidence disproves as a matter of law at least one element of each of the plaintiff's causes of action. *Lear Siegler, Inc. v. Perez*, 819 S.W.2d 470, 471 (Tex.1991). If the defendant meets this burden, summary judgment is proper unless the

plaintiff can produce controverting evidence that raises a fact issue on one of the elements the defendant negated. *See City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979). In deciding whether there are disputed material fact issues precluding summary judgment, evidence favorable to the nonmovant should be taken as true; the court indulges every reasonable inference and resolves any doubts in favor of nonmovant. *Johnson & Johnson Medical, Inc. v. Sanchez*, 924 S.W.2d 925, 928 (Tex.1996).

■ The purpose of the anti-retaliation statute is to protect persons who are entitled to benefits under the workers' compensation statute and to prevent them from being discharged for having taken steps to collect such benefits. *See Carnation Co. v. Borner*, 610 S.W.2d 450, 453 (Tex.1980). This was true under TEX.REV.CIV. STAT. ANN. art. 8307c (repealed) (codified without substantive changes at TEX. LAB.CODE ANN. § 451.001–.003) and remains so under the current statute, which reads as follows:

A person may not discharge or in any other manner discriminate against an employee because the employee has:

(1) filed a workers' compensation claim in good faith;

(2) hired a lawyer to represent the employee in a claim;

(3) instituted or caused to be instituted in good faith a proceeding under Subtitle A; (footnote omitted) or

(4) testified or is about to testify in a proceeding under Subtitle A.

TEX. LAB.CODE ANN. § 451.001 (Vernon 1996).

Specifically, Duhon claims the Clinic violated the statute when it allegedly terminated her employment because she instituted a workers' compensation claim.

■ Appellee's motion for summary judgment contends Duhon was not terminated because she filed a workers' compensation claim, hired an attorney or pursued same, or even expressed an intent to pursue a claim. As appellee points out, Duhon had not engaged in such conduct prior to her termination. Moreover, as noted by appellee, Duhon stated in her deposition that when her supervisor, Clyde Bob Dark, called her in to

his office to discuss termination, he told her he was going to hire a licensed therapist in her place. He further told her he knew the seriousness of her injury; he knew she was going to have to have surgery; and he knew it would be easier for her to find another job than any of the other girls because she was most qualified. According to appellee, this testimony, along with the affidavits of Clyde Dark and Denise Parks, establishes the reason for Duhon's termination as being the need to replace her with a licensed therapist. Thus, the reason for Duhon's termination, argues appellee, could not have been any of the reasons enumerated in the statute, since none of them occurred prior to termination.

We recognize that Duhon's compensation claim was not filed until after she was discharged, which, under the language of Sec. 451.001, would seem to preclude protection under the statute. However, under the former statute, article 8307c, courts of appeals have held the act of informing the employer of the injury sufficiently institutes a compensation proceeding. *Borden, Inc. v. Guerra*, 860 S.W.2d 515, 521 (Tex.App.—Corpus Christi 1993, writ dism'd by agr.); *Palmer v. Miller Brewing Co.*, 852 S.W.2d 57, 60–61 (Tex.App.—Fort Worth 1993, writ denied); *Worsham Steel Co. v. Arias*, 831 S.W.2d 81, 84 (Tex.App.—El Paso 1992, no writ); *Mid–South Bottling Co. v. Cigainero*, 799 S.W.2d 385, 389 (Tex.App.—Texarkana 1990, writ denied). However, we also note that, although the Texas Supreme Court has recognized the holding of the courts of appeals on this issue, it has expressly not ruled on the matter. *See Gunn Chevrolet, Inc. v. Hinerman*, 898 S.W.2d 817, 819 (Tex.1995). We hold in the instant case that Duhon's notice to her employer of an on-the-job injury is sufficient to invoke statutory protection against retaliatory discharge under the current statute, Sec. 451.001. *See Stephens v. Delhi Gas Pipeline Corp.*, 924 S.W.2d 765, 771–72 (Tex.App.—Texarkana 1996, writ filed).

■ An employee asserting a violation of Sec. 451.001 has the burden of demonstrating a causal link between the discharge and the filing of the claim for workers' compensation benefits. *Terry v. Southern Floral*

*Co.*, 927 S.W.2d 254, 257 (Tex.App.—Houston [1st Dist.] 1996, no writ); *see* TEX. LAB.CODE ANN. § 451.002 (Vernon 1996). This causal connection is an element of the employee's prima facie case and may be established by direct or circumstantial evidence. *Terry*, 927 S.W.2d at 257. Once the employee has established the causal link, it is the employer's burden to rebut the alleged improper termination by showing there was a legitimate reason behind it. *Id.* Thereafter, in order to survive a motion for summary judgment, the burden shifts back to the employee to produce controverting evidence of a retaliatory motive. *Texas Division–Tranter, Inc. v. Carrozza*, 876 S.W.2d 312, 314 (Tex.1994).

The issue of what is meant by a causal link was recently decided in *Continental Coffee Products Co. v. Cazarez*, 937 S.W.2d 444, 450 (Tex.1996). Sec. 451.001 requires the plaintiff to prove that the alleged wrongful conduct occurred "because" of the protected activity. According to the Texas Supreme Court, this language does not mean that the filing of a workers' compensation claim must be the sole cause of termination. *Id.* On the contrary, the standard of causation is that the protected conduct must be such that, without it, the employer's prohibited conduct would not have occurred when it did. *Id.* at 450–51. The question in this case is whether Duhon raised a fact issue concerning that standard of causation. We conclude she did.

Appellee's summary judgment evidence included affidavits of Clyde Dark, a licensed physical therapist at the Clinc, and Denise Parks, office administrator, as well as a deposition excerpt of Dark. Through its summary judgment evidence, the Clinc sought to establish the existence of a legitimate, non-discriminatory reason for the discharge which was unrelated to Duhon's compensation claim. Both Dark and Parks stated that Duhon was terminated because the Clinic needed another licensed physical therapist on staff. Whenever Dark was out of the office, the Clinic was no longer able to bill for physical therapy because no licensed physical therapist was present. The presence of a medical doctor on the premises did not meet insurance requirements for billing for physi-

cal therapy. Thus, the hiring of a licensed physical therapist was necessary to allow billing for physical therapy. On the Monday following Duhon's termination on Friday, a newly-hired licensed therapist began working at the Clinic.

Appellee's affidavits were controverted by Duhon's affidavit which attested to facts and circumstances belying appellee's neutral explanation and thereby raised a material fact issue regarding causation. Duhon offered evidence challenging appellee's explanation that she was terminated because of the need to hire a licensed physical therapist. Duhon's averments in her affidavit of specific statements made to her by Dark (which he denied in his affidavit) regarding the consequences of filing a compensation claim are not merely conclusions or subjective beliefs. According to Duhon, Dark told her after her injury in November 1993 that if she filed a claim he did not have to keep her as an employee. He also told her she could not support her children on workers' compensation. According to Duhon, she did not take off any time from work after the injury, because she feared the loss of her job. Duhon's statements constitute direct evidence on the issue of causation.

In addition to direct evidence attesting to Dark's express threats of termination if an employee filed a workers' compensation claim, there is circumstantial evidence which serves to raise a fact issue on causation. On January 6, 1994, an MRI was performed on Duhon, which revealed a herniated disc. Duhon showed the report to Dark on January 27, 1994, who promptly took it to Dr. Beaudry. When Dark returned with the MRI report, he told Duhon that Dr. Beaudry said Duhon's injury was a serious one and would require surgery. Approximately three months after Dr. Beaudry saw the MRI report, Duhon was terminated. According to Duhon's affidavit, shortly after her termination, Dark hired five (5) physical therapy aides who had no physical therapy experience. Max Powell, a patient at the Clinic during that time, confirmed in his affidavit that after Duhon left the Clinic there were at least three (3) new employees performing duties similar to those Duhon had performed.

From the circumstantial evidence, it could be inferred that Duhon was terminated because of her compensation claim and not because of the hiring of a licensed physical therapist.

We conclude that the above-detailed evidence, both direct and circumstantial, raises a fact issue as to whether Duhon's institution of the compensation claim was such that, without it, the Clinic's conduct in terminating her employment would not have occurred when it did. Appellant's point of error one is sustained; consequently, there is no need to address point two. The judgment is reversed, and the cause is remanded to the trial court.

REVERSED AND REMANDED.