NUMBER
13-01-256-CV

 

                             COURT
OF APPEALS

 

                   THIRTEENTH
DISTRICT OF TEXAS

 

                                CORPUS
CHRISTI

___________________________________________________________________

 

RONALD EAVES,                                                                  Appellant,

 

                                                   v.

 

COOPERHEAT-MQS, INC.,                                           Appellee.

___________________________________________________________________

 

                        On
appeal from the 136th District Court

                                of Jefferson County, Texas.

__________________________________________________________________

 

                                   O
P I N I O N

 

                      Before
Justices Dorsey, Yañez, and Wittig[1]

                                   Opinion
by Justice Wittig



 








Summary judgment was granted in this retaliatory discharge
case.  Ronald Eaves, appellant, was
injured while working for appellee, CooperHeat-MQS, when a pair of pliers fell 161 feet,
striking Eaves on his hard hat. Eaves was terminated
some months later, about the time he filed a workers= compensation
claim.  In four issues, Eaves challenges the trial court=s summary judgment.  We will affirm in part, and reverse and
remand in part.

Background

 

In April 1998, Eaves was working for CooperHeat at the Mobil Chemical site in Beaumont.  An Anderson Scaffolding employee dropped a
pair of Klein=s pliers which
struck Eaves on his head B fortunately
protected by a hard hat.  Eaves blacked
out momentarily but did not seek medical attention for some time.  Eaves alleges he was
instructed by CooperHeat to see Anderson=s doctor and
that CooperHeat had no doctor.  Eaves saw a doctor in June 1998, but
continued working until pain prevented him. Sometime in August, Eaves stopped
working for CooperHeat, and he was forced to use up
his sick and vacation time.   Appellant
was terminated in February 1999 for alleged Ajob abandonment.@

In December 1998, appellee CooperHeat, first filed an employer=s first notice
of injury with the wrong insurance carrier. 
This error was later corrected.  
Appellant first filed a claim the same day he was terminated.  Other facts will be developed as necessary in
our review.








Appellant asserts four issues. 
He argues the trial court erred in granting summary judgment on  the retaliatory discharge claim because: 1.)
he raised a genuine issue of fact on each element; 2.) CooperHeat
offered no legitimate non-discriminatory reason for the discharge; and 3.) it
implicitly found Eaves was unable to work. 
In his fourth issue, appellant contends the summary judgment was
erroneously granted on 
his conspiracy to defraud and fraud claims against CooperHeat and its employee-manager, Geri Chapman.[2]  Because the first three issues are
interrelated,  we
will treat them together.

      Standard of
Review

We review the trial court's granting of a motion for summary
judgment de novo. Natividad v. Alexsis, Inc., 875 S.W.2d 695,
699 (Tex. 1994); Texas Commerce Bank Rio Grande Valley v. Correa, 28
S.W.3d 723, 726 (Tex. App.‑‑Corpus Christi 2000, pet. denied).
Appellee was required to establish that no genuine
issue of material fact existed and that judgment should be granted as a matter
of law. Tex. R. Civ.
P. 166a(c);[3]
Nixon v. Mr. Property Management Co., 690 S.W.2d 546, 548 (Tex. 1985).
We  presume all
evidence favorable to appellant to be true, and 
indulge all reasonable inferences and resolve any doubts in his favor. Id.
548‑49

 








Analysis

The elements of retaliatory discharge are set out in the Labor
Code.   Tex.
Lab. Code Ann. ' 451.001 (Vernon 1996).  An employer may not discharge or in any
manner discriminate against an employee because the employee has filed a
workers= compensation
claim in good faith, hired a lawyer to represent him in a claim, instituted in
good faith a proceeding under Subtitle A, or testified or be about to testify
in a proceeding under Subtitle A.  Id.  Appellee does not
dispute the fact that it, (as employer), filed a notice of injury. Nor does it
dispute Eaves filed a workers= compensation
claim, in good faith.  Rather, the
material issue is whether Eaves was fired because of
the workers= compensation
claim.  Both parties cite Texas
Division‑Tranter, Inc. v. Carrozza, 876
S.W.2d 312 (Tex. 1994). There, the employee offered no evidence challenging the
employer=s explanation
that he was terminated solely for violating the three‑day absence
rule.  Id. at 313-314.  The Supreme Court held that, absent such controverting evidence, summary judgment was proper, given
the employee did not deny he violated the rule. 
Id.  The Supreme Court also
instructs us that the standard of causation in whistleblower and retaliatory
discharge cases should be that the employee's protected conduct must be such
that, without it, the employer's prohibited conduct would not have occurred
when it did.  Continental
Coffee Products Co. v. Cazarez, 937 S.W.2d 444,
450 (Tex. 1996).  








Appellant concedes there is no direct evidence of retaliatory
discharge and instead relies upon circumstantial evidence.  Some of the circumstantial evidence factors
that sufficiently establish a causal link between termination and filing a
compensation claim include:  (1)
knowledge of the compensation claim by those making the decision on
termination;  (2) expression of a
negative attitude toward the employee's injured condition;  (3) failure to adhere to established company
policies;  (4) discriminatory treatment
in comparison to similarly situated employees; 
and (5) evidence that the stated reason for the discharge was false. Id.
at 451 (citing Palmer v. Miller Brewing Co., 852 S.W.2d 57, 61 (Tex.
App.‑‑Fort Worth 1993, writ denied); Investment Properties
Management, Inc. v. Montes, 821 S.W.2d 691, 694-95 (Tex. App.‑‑El
Paso 1991, no writ); 
Paragon Hotel Corp. v. Ramirez, 783 S.W.2d 654, 658
(Tex. App.‑‑El Paso 1989, writ denied)).








Knowledge of the compensation claim was clearly
established.  Chapman even expressed
concerned about the pending claim. Not only was the claim known, but several
factors lead to an inference of a negative attitude toward both the claim being
filed and Eaves= injured
condition.  First, appellant was told to
file a claim with Anderson rather than CooperHeat.  Next, he was sent to his own private
physician for the stated reason CooperHeat had no
doctor.  Even after seeing his own
doctor, appellee told Eaves to send the medical bills
to Anderson. When that failed, Eaves was told to use
group coverage, not workers= compensation.
Eight months after the accident, CooperHeat initially
filed for worker=s compensation
coverage with the wrong carrier, further delaying again the filing for months
with the correct carrier. In other words, CooperHeat
actively deflected the claim away from its workers= comp carrier,
first to Anderson, second to the group carrier, third to the wrong comp
carrier, and finally, almost a year later, to the correct comp carrier.  Although Eaves avers
he checked with CooperHeat on his worker=s compensation
status, Geri Chapman continued to insist it was Anderson=s
responsibility and he would be receiving benefits soon.  Eaves exhausted his sick and vacation time,
used up  his
401k, but never received any benefits. 
In fact, the claim was denied, coincidentally, days before his
termination.

Appellant further supports his claim circumstantially, by alleging
that CooperHeat Awas trying to
become certified ISO 9000" and instructed employees it wanted no lost time
accidents, or lost work time for on-the-job injuries.  Not until after Eaves contacted a lawyer in
November 1998, did CooperHeat file the required
notice of injury in December 1998.  Only
through his lawyer did appellant learn his claim was not initially filed with
the proper insurance carrier and he that would receive no benefits.








With regard to the third circumstantial element, failure to
adhere to company policy, we observe the testimony of Geri Chapman.  She relates that Eaves was
terminated because of Ajob
abandonment.@  This order for termination apparently
originated with Chapman=s supervisor,
Lori Henderson.  Chapman admitted the
company was concerned about the workers= compensation
claim and could not fire him while it was pending.  Upon receiving word the claim was denied, he
was terminated for abandonment because it was claimed the office had not heard
from appellant in several months.  This
statement is disputed by Eaves, who, by sworn statement, stated he sent the
company multiple medical reports, and that he spoke with the company at
different times.  

Notably, Chapman admitted it was Steve Wilson, Eaves= supervisor,
who was responsible for a determination of abandonment.  Yet Chapman=s testimony contradicts this because she
maintained Henderson told her to terminate Eaves. Other than his signature on a
pre-printed termination form, 
there is no summary judgment affidavit or other proof from
Wilson.  Not only is appellee=s claim of a
neutral reason for termination unsupported[4]
by clear and unequivocal proof as in Carrozza,
it is disputed by appellee.  The truth of the stated reason for the  job abandonment
is questioned, not only because the underlying facts are disputed, but also
because proof from Eaves= actual
supervisor, said to be the decision maker, is absent.  Rather, it would appear, the decision was
made by a higher-up on grounds that had nothing to do with abandonment.








Finally, CooperHeat=s company
policy does not include a Ajob abandonment@
provision.  Instead, the written policy
provides:   Aexcessive time
off is frowned upon and will result in disciplinary action from a written
warning to termination.@  No written warning was given.  The policy further provides: AThe company is more sympathetic with someone who is truly sick
and out of work for an extended period of time. 
In these cases, the illness is out of the hands of the individual and
the company can plan and take action to get the work done.@  CooperHeat=s action, if
not directly contrary to its written policy, again is inferentially contrary to
its written policy.  This is the precise
claim of Eaves C that he was
truly sick and thus out of work for an extended period of time.

The record does not indicate what happened to similarly
situated employees other than Eaves= statement that
all were discouraged from filing claims.

Finally, some evidence indicates the stated reason for firing
was false.  Written policies were not
followed.  The claim of Ajob abandonment@ came from
management, not from Eaves=
supervisor.  The proof showed Eaves= workers= compensation
claim was discouraged at every level, including: sending Eaves to Anderson,
sending Eaves to his own doctor, filing with the wrong carrier, late filing,
promising benefits that never materialized, and terminating him on the day he
filed his claim.  While Eaves was claiming he was notifying CooperHeat
of his medical condition and treatment, CooperHeat
denied hearing from Eaves.








CooperHeat was required
to establish that there existed no genuine issue of material fact and that
judgment should be granted as a matter of law. Tex. R. Civ. P. 166a; Nixon, 690
S.W.2d at 548. We hold that appellee did not
establish its non-discriminatory reason for termination as a matter of law. The
underlying facts of abandonment were disputed. 
We must presume all evidence favorable to Eaves to be true, and must
indulge all reasonable inferences and resolve any doubts in his favor.[5]
 Id. at 548‑49; see also Michael, 41 S.W.3d at 752; Duhon
v. Bone & Joint Physical Therapy Clinics,
947 S.W.2d 316, 318 (Tex. App.--Beaumont, 1997, no pet.).

In his fourth issue, Eaves attacks the
summary judgment on his conspiracy to defraud and fraud claims against CooperHeat.  Appellee avers, and we agree, that these common law claims
are barred as a matter of law.  The gravamen of these claims was CooperHeat=s handling of
Eaves workers= compensation
claim. Tex.Lab.Code Ann. ' 406.034
requires an employee to make an election that he waives coverage under workers= compensation in
order to retain his common law and other statutory claims for damages.   The summary judgment proof
show no such election by Eaves. 
Indeed, the very proof that supports one element of Eaves retaliatory
discharge cause of action -- the fact that a workers=
compensation claim was made -- defeats his common law causes of action for
conspiracy to defraud or fraud. Id. 
Appellant cites no basis in law for him to maintain both a workers= compensation
claim and a common law fraud claim against his employer for the same
incident.  We hold the plain wording of
the workers= compensation
statute proscribes these common law causes of action.  See id.








We affirm the summary judgment on Eaves= common law
claims of conspiracy to defraud and fraud as to CooperHeat.[6]  We reverse and remand only the portion of the
summary judgment addressing Eaves= retaliatory
discharge claim against appellee for further
proceedings consistent with this opinion.

 

 

_____________________________

DON
WITTIG

Justice

 

Do not
publish.

Tex.
R. App. P.
47.3.

 

Opinion delivered and
filed

this 9th day of May, 2002.

 











[1]Retired
Justice Don Wittig assigned to this Court by the
Chief Justice of the Supreme Court of Texas pursuant to Tex. Gov=t
Code Ann. '
74.003 (Vernon 1998).





[2]  Chapman is individually named in the claims
of conspiracy.  However, as appellee points out, appellant only designated for appeal,
the final severed summary judgment against CooperHeat.  Therefore, we do not directly address any
issue as to Chapman and there is only one appellee in
this appeal.





[3]  Appellant incorrectly states appellee presented a Ano
evidence@ motion for
summary judgment.  Our review in
indicates the motion was under the senior rule 166a(c), not the newer Tex. R. Civ. P. 166a(i).  In any event, we
have held if the motion fails to clearly state under which rule summary
judgment is sought, and fails to follow rule 166a(i)
precisely by identifying the particular elements in dispute, and attaches
evidence that would be appropriate for a traditional motion, it will be treated
as a traditional motion for summary judgment. Michael v.
Dyke, 41 S.W.3d 746, 752 (Tex. App.-‑Corpus Christi 2001, no pet.).

 





[4]  Appellee
also filed an affidavit from a vice president that appellant violated company
policy which was grounds for termination. 
Such proof is conclusory and is no
evidence.  Appellee
also argues on appeal that Eaves was unable to work
and that was an independent grounds for termination.  However, that argument was not made or
supported in the motion for summary judgment and thus cannot be a grounds to sustain the judgment on appeal.





[5]  In its letter ruling of October 3, 2000, the
trial court initially ruled all of appellant=s
common law and contract claims were barred by the exclusive remedy provision of
the workers= compensation
statute.  He also correctly ruled that
the retaliatory discharge claim did not merit summary judgment.  Either the judgment did not correctly reflect
the trial court=s ruling or he
was persuaded by subsequent rehearing. 
Neither party informed this court of that aspect of the procedural
history.  We also note that because
appellant did not challenge the trial court=s
rulings on contract or other common law claims, those rulings are also
affirmed.





[6]  See footnote 5.