NUMBER 13-04-015-CV

 

                         COURT
OF APPEALS

 

               THIRTEENTH
DISTRICT OF TEXAS

 

                  CORPUS
CHRISTI - EDINBURG

___________________________________________________________________

 

CELANESE LTD.,                                                     Appellant,

 

                                           v.

 

VICTOR SKRABANEK,                                                Appellee.

___________________________________________________________________

 

                   On
appeal from the 23rd District Court

                         of Matagorda County, Texas.

___________________________________________________  _______________

 

                     MEMORANDUM
OPINION[1]

 

       Before
Chief Justice Valdez and Justices Hinojosa and Rodriguez 

                      Memorandum
Opinion by Justice Rodriguez

 








This appeal
arises from a suit for damages under the anti-retaliation provision of the
Texas Workers' Compensation Act.  See
Tex. Lab. Code Ann. ' 451.001 (Vernon 1996).  Appellee, Victor Skrabanek, filed suit
against appellant, Celanese Ltd., alleging wrongful termination.  See id.  After a jury verdict and judgment entered in
favor of Skrabanek, this appeal ensued. 
By four issues, appellant contends the following:  (1) the evidence was insufficient to support
the jury's finding of wrongful termination and malice; (2) the trial court
erred in submitting a spoliation instruction to the jury; and (3) the trial
court erred in failing to offset the jury's award of past and future lost
earnings by the present value of appellee's pension payments.  We affirm in part and reverse and render in
part.            

I.  Background

Appellant
determined that appellee had committed multiple safety violations on August 19,
1999, while loading a tanker truck.  As a
result, on September 22, 1999, appellant placed appellee on Step 3 probation
for one year, effective August 19, 1999.[2]  On November 23, 1999, appellee filed a
workers' compensation claim related to a hearing loss.  Appellee was involved in another safety
violation on January 19, 2000, and appellant terminated him on January 26,
2000, allegedly based on that violation.[3]


II.  Sufficiency of the Evidence

Appellant
challenges the sufficiency of the evidence as to the jury's finding of wrongful
termination and malice by its first and third issues, respectively.








A.  Standard of Review

1.  Legal Sufficiency

In conducting a
legal sufficiency review, we "view the evidence in the light favorable to
the verdict, crediting favorable evidence if reasonable jurors could, and
disregarding contrary evidence unless reasonable jurors could not."  City of Keller v. Wilson, 168 S.W.3d
802, 807, 827 (Tex. 2005).  Jurors are
the sole judges of the credibility of the witnesses and the weight to be given
their testimony.  Id. at 819.  When there is conflicting evidence, it is the
province of the jury to resolve such conflicts. 
Id. at 820.  If conflicting
inferences can be drawn from the evidence, it is the province of the jury to
draw from it whatever inferences it wishes.  Id. at 821.  Thus, so long as the evidence falls within a
zone of reasonable disagreement, we cannot substitute our judgement for that of
the trier-of-fact.  Id. at 822. 

Moreover, a
no-evidence point must be sustained only when the record presents one of the
following situations:  (1) a complete
absence of evidence of a vital fact; (2) the court is barred by rules of law or
of evidence from giving weight to the only evidence offered to prove a vital
fact; (3) the evidence offered to prove a vital fact is no more than a mere
scintilla; or (4) the evidence establishes conclusively the opposite of the
vital fact.  Id. at 810 (citing
Robert W. Calvert, "No Evidence" and "Insufficient
Evidence" Points of Error, 38 Tex.
L. Rev. 361, 362-63 (1960)).

2.  Factual Sufficiency








In reviewing a
factual sufficiency issue, we consider all the evidence, whether it supports or
is contrary to the finding.  Golden
Eagle Archery, Inc. v. Jackson, 116 S.W.3d 757, 761 (Tex. 2003); Mar.
Overseas Corp. v. Ellis, 971 S.W.2d 402, 406-07 (Tex. 1998).  The party challenging the factual sufficiency
of a finding on which an adverse party bore the burden of proof must
demonstrate that there is insufficient evidence in the record to support the
finding.  Gooch v. Am. Sling Co.,
902 S.W.2d 181, 184 (Tex. App.BFort Worth 1995, no writ).  We set aside the finding based on factual
insufficiency only if the evidence supporting the jury's verdict is so contrary
to the overwhelming weight of the evidence as to be manifestly unjust and
clearly wrong. Mar. Overseas Corp., 971 S.W.2d at 407 (citing Ortiz
v. Jones, 917 S.W.2d 770, 772 (Tex. 1996); Cain v. Bain, 709 S.W.2d
175, 176 (Tex. 1986)). 

B.  Analysis

1.  Wrongful Termination








By its first
issue, appellant contends the evidence was legally and factually insufficient
to support the jury's finding of wrongful termination.  Section 451.001(1) of the Texas Labor Code
provides as follows:  "A person may
not discharge or in any other manner discriminate against an employee because
an employee has filed a workers' compensation claim in good faith."  Tex.
Lab. Code Ann. ' 451.001(1) (Vernon 1996).  At trial, appellee had the burden to prove
that his termination resulted from his filing a workers' compensation claim in
good faith.  See Cont'l Coffee Prods.
Co. v. Cazarez, 937 S.W.2d 444, 450 (Tex. 1996).  Although the filing of a workers'
compensation claim in good faith by an employee need not be the employer's sole
motivation for the employee's termination, it must be such that without it the
discriminatory conduct would not have occurred when it did.  Id. (citing Tex. Dep't of Human
Servs. v. Hinds, 904 S.W.2d 629, 636 (Tex. 1995)).  An employee can establish a causal connection
between the termination and the filing of a workers' compensation claim by
either direct or circumstantial evidence. 
Garcia v. Allen, 28 S.W.3d 587, 600 (Tex. App.BCorpus Christi 2000, pet. denied) (citing McIntyre
v. Lockheed Corp., 970 S.W.2d 695, 697 (Tex. App.BFort Worth 1998, no pet.); Duhon v. Bone &
Joint Physical Therapy Clinics, 947 S.W.2d 316, 318 (Tex. App.BBeaumont 1997, no writ)).  Circumstantial evidence sufficient to establish
this causal link may include the following: 
(1) knowledge of the compensation claim by those making the decision on
termination; (2) expression of a negative attitude toward the employee's
injured condition; (3) failure to adhere to established company policies; (4)
discriminatory treatment in comparison to similarly situated employees; and (5)
evidence that the stated reason for the discharge was false.  Id. (citing Cont'l Coffee Prods.
Co., 937 S.W.2d at 450-51).

Here, it is
undisputed that appellee filed a workers' compensation claim on November 23,
1999, approximately two months before he was terminated on January 26,
2000.  Appellant contends, however, the
evidence does not establish a causal connection between the filing of the
workers' compensation claim and appellee's termination.  We disagree. 









Gail Roberts,
appellee's second-line supervisor, testified that when she terminated appellee
she had knowledge of the fact that he had filed a workers' compensation
claim.  See id. at 600 (setting
out that direct evidence can establish knowledge of the claim by those making
the decision to terminate). 
Additionally, appellee testified that although he had notified Ira
Gordon, his first-line supervisor, of his desire to file a workers' compensation
claim on November 9, 1999, and every day thereafter for two weeks, Gordon
failed to act on his request.  See id.
(providing that evidence of a negative attitude toward an employee's injured
condition can be established by direct evidence).  However, during his testimony, Gordon denied
receiving any request from appellee to file the claim.  See City of Keller, 168 S.W.3d at
819-21 (holding that it is the province of the jury to resolve conflicts in
evidence, to draw whatever inferences it may from conflicting inferences, and
to judge the credibility of the witnesses). 
Furthermore, while  Roberts
testified that appellee's filing of a workers' compensation claim had no effect
on the decision to terminate him, appellee testified that Marilyn Olson, a
nurse employed by appellant, informed him during a conversation about the
status of his workers' compensation claim that part of the reason for his
termination was the fact that he had filed the claim.  See Garcia, 28 S.W.3d at 600 (stating
that direct evidence may demonstrate that the given reason for the discharge
was false).  Yet, during her testimony at
trial, Olson denied making such a statement. 
See City of Keller, 168 S.W.3d at 819-21.








 Viewing the evidence presented in the record
in the light most favorable to the verdict and disregarding all contrary
evidence that a reasonable jury could have disbelieved, we find the evidence
was legally sufficient to support the jury's finding of wrongful termination.  See Ysleta Indep. Sch. Dist. v. Monarrez,
48 Tex. Sup. J. 1014, 2005 Tex. LEXIS 603, at *3 (Tex. Aug. 26, 2005) (per
curiam) (citing City of Keller, 168 S.W.3d at 807).

Moreover, we
cannot say that the jury's verdict is so contrary to the overwhelming weight of
the evidence as to be manifestly unjust and clearly wrong.  See Mar. Overseas Corp., 971 S.W.2d at
407 (citing Ortiz, 917 S.W.2d at 772; Cain, 709 S.W.2d at 176).  We, therefore, find the evidence was
factually sufficient to support the jury's finding of wrongful termination.

Accordingly, we
overrule appellant's first issue.  

2.  Malice

By its third
issue, appellant contends the evidence was legally insufficient to support the
jury's finding that appellant acted with malice in terminating appellee.  We agree.








While an
employer's violation of section 451.001 of the Texas Workers' Compensation Act
is unlawful, the fact that it is unlawful is not itself grounds for an award of
punitive damages.  Cont'l Coffee
Prods. Co., 937 S.W.2d at 454. 
Instead, the Texas Supreme Court has held that before punitive damages
may be awarded against an employer for violating section 451.001, malice on the
part of the employer must be established, so as to ensure that only egregious
violations of the statute are subject to punitive damages.  Id. 
In addition, section 41.003 of the Texas Civil Practice and Remedies
Code states that to support an award of punitive damages, proof of malice must
be shown by clear and convincing evidence. 
See Tex. Civ. Prac. &
Rem. Code Ann. ' 41.003 (Vernon 1997 & Supp. 2004-05).

Because the
standard of proof on this issue was elevated at trial, the standard of
appellate review must also be elevated.  City
of Keller, 168 S.W.3d at 817 (citing Southwestern Bell Tel. Co. v. Garza,
164 S.W.3d 607, 627 (Tex. 2004)).  In
reviewing the legal sufficiency of the evidence relating to malice, which is a
predicate to an award of punitive damages, we must consider all the evidence.  See id.; In re D.E., 761 S.W.2d
596, 599 (Tex. App.BForth Worth 1988, no writ) (providing that when a
challenge is made to a finding requiring clear and convincing evidence, the
reviewing court must consider all the evidence).  Evidence contrary to a verdict on an issue of
punitive damages cannot be disregarded.  City
of Keller, 168 S.W.3d at 817.

Although section
41.001 of the Texas Civil Practice and Remedies Code defines malice to mean
"a specific intent by the defendant to cause substantial injury or harm to
the claimant," Tex. Civ. Prac.
& Rem. Code Ann. ' 41.001 (Vernon 1997 & Supp. 2004-05), which is
distinct from actual malice, Southwestern Bell Tel. Co., 164 S.W.3d at
619 n.13, the jury was asked and instructed as follows:

Do you find by clear and
convincing evidence that the harm to Victor Skrabanek resulted from actual
malice?

 

"Clear and convincing
evidence" means the measure or degree of proof that produces a firm belief
or conviction of the truth of the allegations sought to be established.

 

"Actual malice" means
ill will, spite, evil motive, or purpose to injure another.

 

Answer "Yes" or
"No."








 

The jury answered
"yes" and awarded appellee $300,000 in punitive damages.

Because neither
appellee nor appellant objected to the language of the instruction, we assume,
in our evaluation of the evidence, the portions of the charge as noted above
correctly state the law.  See id. (citing
Wal-Mart Stores, Inc. v. Sturges, 52 S.W.3d 711, 715 (Tex. 2001)
(stating that the sufficiency of the evidence must be assessed "in light
of the jury charge the district court gave without objection")).  Therefore, to support an award of punitive
damages based on malice in the present case, appellee had the burden of
establishing, by clear and convincing evidence, that appellant exhibited
ill-will, spite, or a specific intent to cause injury to him.  Id. 








While appellee
asserts that his dignity was impugned by being placed on Step 3 probation, the
record shows that appellant's discipline policy allowed for such corrective
action to be administered.  There is no
evidence to suggest that this action was taken with ill-will, spite, or a
specific intent to injure appellee.  See
id.  Even though appellee asserts
that appellant labeled him a "liar" to support Step 3 probation, the
record does not establish that appellant scrutinized him in this manner.  Instead, Roberts testified that a factor in
placing appellee on Step 3 probation was the determination that he had changed his
story concerning the August 1999 incident. 
Appellee also asserts that appellant's delay in reporting his workers'
compensation claim and its failure to preserve notes in appellee's personnel
file confirm appellant acted with malice. 
Again, however, the record does not support this assertion.  See id.  Moreover, appellant offered testimony that
tended to show it did not act with ill-will, spite, or a specific intent to
cause appellee injury:  Roberts testified
that, at appellee's request, his departure was treated as a retirement instead
of a termination; she also testified that appellee was allowed to retire with
full benefits; and she testified that there was no discussion regarding
appellee's termination with other employees within the department. 

Therefore, in
considering all the evidence, we conclude that appellee presented no evidence
that would allow a jury to determine by clear and convincing evidence that
appellant acted with actual malice in terminating him.  See City of Keller, 168 S.W.3d at 817;
In re D.E., 761 S.W.2d at 599. 
Thus, the evidence was legally insufficient to support a finding of
actual malice.  Moreover, without
evidence of actual malice, appellee was not entitled to an award of punitive
damages.  Cont'l Coffee Prods. Co.,
937 S.W.2d at 454.  We sustain
appellant's third issue.     

III.  Jury Charge

By its second
issue, appellant contends the trial court erred in submitting a spoliation
instruction to the jury and that submission of the instruction harmed  appellant. 
We, however, decline to address appellant's second issue as it is not
dispositive of this appeal in light of our disposition of appellant's first and
third issues.[4]  See Tex.
R. App. P. 47.1.

                                                                              








                                                                  IV.  Damages         

Through its
fourth issue, appellant argues the trial court erred by failing to offset the
jury's award of lost earnings by the present value of pension payments made to
appellee by appellant.  We disagree.

Section
451.002(a) of the Texas Labor Code states that "[a] person who violates
Section 451.001 is liable for reasonable damages incurred by the employee as a
result of the violation."  Tex. Lab. Code Ann. ' 451.002(a) (Vernon 1996).  Here, the jury awarded appellee $182,653 in
damages for lost earnings in the past and $129,214 for lost earnings in the
future.  The parties stipulated that the
present value of pension payments made to appellee since his termination is $129,602,
while the present value of pension payments to be paid to appellee in the
future is $133,975.  Appellant asserts
that this monthly pension payment to appellee is not a collateral source, and
therefore, should be used to offset the lost earnings damages awarded by the
jury.  Appellant filed a post-trial
motion requesting that the jury award of lost earnings be offset by the present
value of the pension payments paid in the past and to be paid in the future to
appellee; the trial court denied the motion.








The collateral
source rule is a rule of both evidence and damages.  Taylor v. American Fabritech, Inc.,
132 S.W.3d 613, 626 (Tex. App.BHouston [14th Dist.] 2004, pet. denied) (citing Lee
v. Lee, 47 S.W.3d 767, 777 (Tex. App.BHouston [14th Dist.] 2001, pet. denied); Exxon
Corp. v. Shuttlesworth, 800 S.W.2d 902, 907-08 (Tex. App.BHouston [14th Dist.] 1990, no writ); Restatement (Second) of Torts ' 920A (1979)). 
In general, the collateral source rule precludes a tortfeasor from
presenting evidence of, or obtaining an offset for, funds received by the
plaintiff from a collateral source.  Id.  "When the defendant tortfeasor is
the employer of the injured plaintiff, payments made under an employee benefit
plan create a particular puzzle."  Id.  If the benefit plan is a fringe benefit for
the employee, it is viewed as a collateral source with respect to the employer;
however, if the benefit plan was purchased for the primary purpose of
protecting the employer, then it is not considered a collateral source as to
the employer.  Id. (citing Tarrant
County Waste Disposal, Inc. v. Doss, 737 S.W.2d 607, 611 (Tex. App.BFort Worth 1987, writ denied); S. Pac. Transp.
Co. v. Allen, 525 S.W.2d 300, 306 (Tex. Civ. App.BHouston [14th Dist.] 1975, no writ); Restatement (Second) of Torts ' 920A cmt. a (1979)).








In the instant
case, appellee's pension plan vested after five years of employment with
appellant.  The pension plan at issue is
a defined benefit plan comprised of pooled funds from which appellant pays all
qualified retirees their monthly pension benefits.  Appellant concedes that the pension paid to
appellee is not compensation for injuries to appellee.  There is no evidence that the benefit plan
was purchased for the primary purpose of protecting appellant.  Thus, the purpose of the pension fund at
issue is not to protect the employer in the event of liability, but to serve as
a benefit for those employees whose plans have vested and who are eligible to
retire.  The defined benefit plan, for
all its purposes, is a fringe benefit; it is a collateral source with respect
to the employer.  Even though the
payments have been made directly by appellant, the monthly pension payments
paid by appellant to appellee are considered a collateral source.  See id.  Therefore, we conclude appellant was
precluded from obtaining an offset against the jury's award of lost earnings by
the present value of the pension payments to appellee.  See id. 
For these reasons, we overrule appellant's fourth issue.

V.  Conclusion

Accordingly, we
affirm the judgment of the trial court in favor of appellee's wrongful
termination claim and the award of damages for past and future lost
earnings.  We reverse and render judgment
as to appellee's claim of malice and punitive damages and reform the judgment
so that appellee take nothing on his claim of punitive damages.                                                                                           

NELDA
V. RODRIGUEZ

Justice

 

Memorandum Opinion
delivered and 

filed this 27th day of
October, 2005.                      











[1]All issues of law presented by this
case are well settled, and the parties are familiar with the facts.  Therefore, we will not recite the law or the
facts except as necessary to advise the parties of the Court's decision and the
basic reasons for it.  See Tex. R. App. P. 47.4.





[2]Step 3 probation is the highest
level of probation in appellant's discipline policy.  A memo written to appellee informing him that
he was being placed on Step 3 probation read in part:  "It is important to understand that
other infractions occurring while this corrective action is in effect are
cumulative and may result in the escalation of your Corrective Action up to and
including termination."





[3]Appellee's workers' compensation
claim was subsequently denied by the third-party administrator reviewing the
claim.





[4]Even if we were to presume error in
the submission of the spoliation instruction to the jury, we could not conclude
that appellant was harmed by the instruction. 
See Tex. R. App. P.
44.1.